ANDRE CAMACHO and MARIA CAMACHO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Camacho v. Commissioner
Docket No. 26425-86
United States Tax Court
T.C. Memo 1989-513; 1989 Tax Ct. Memo LEXIS 488; 58 T.C.M. (CCH) 182; T.C.M. (RIA) 89513; September 21, 1989
Basil Tzetzo, for the petitioners. Gary Borek, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated April 10, 1986, respondent determined a deficiency in petitioners' Federal income tax for 1982 in the amount of $ 42,268.80, an addition to tax under section 6653(a)(1) [1] in the amount of $ 2,113.44, an addition to tax under section 6653(a)(2) equal to 50 percent of the interest due on the deficiency, and an addition to tax under section 6661 in the amount of $ 4,226.88. The issues for decision are: (1) whether petitioners had unreported gross income of $ 70,051.11 for taxable year 1982 as determined by the bank deposit method for computing income; and (2) whether petitioners had unreported constructive *490 dividends of $ 16,439.34 for taxable year 1982 from their wholly owned corporation. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, first supplemental stipulation of facts, second supplemental stipulation of facts, third supplemental stipulation of facts, fourth supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. Petitioners, who resided in West Seneca, New York, when they filed their petition in this case, filed a joint Federal income tax return for taxable year 1982. Petitioners' reported income of $ 68,882.21 consisted of $ 45,706.56 in salary from petitioner Andre Camacho's employment as a tool and die maker, $ 17,443.97 in interest, and $ 1,732.68 in dividends. During 1982 petitioners maintained the following bank accounts in the United States: Name of Bank
Account Number
Goldome Bank
XX-XX0062
Goldome Bank
XX-XX9722
Goldome Bank
XX-XX4766
Goldome Bank
XX-XX8050
Goldome Bank
XX-1890
Empire of America Bank
XX-XXX450-4
Empire of America Bank
XX-XXX273-2
Erie Savings Bank
XX-XXX891-1
Bank transcripts for these accounts show that *491 petitioners made deposits totaling $ 444,101.61 during 1982 and that the accounts earned $ 5,557.58 of interest. After making adjustments for deposits attributable to transfers between accounts and previously taxed income, respondent determined that the remaining $ 70,051.11 of unexplained bank deposits represents unreported gross income. At trial, petitioners failed to present any evidence regarding the source of the unexplained deposits. During 1982 and preceding years, petitioner [2] occasionally transferred funds between Buffalo, New York and Ontario, Canada. The sole transfer from Buffalo to Canada occurred on November 27, 1979, and was in the amount of $ 249,366. Among the transfers from Canada to Buffalo was a transfer of $ 61,384 on March 8, 1982. The next day $ 66,214.11 was deposited into petitioner's Empire of America Bank account number XX-XXX450-4. Respondent included this deposit among the unexplained deposits on which he determined petitioners' unreported gross income. Petitioners failed to present any evidence regarding the source of the transferred funds. *492 Also during 1982, petitioners received rental payments of $ 32,551.30 for residential rental property owned by Florac, Inc. (Florac), petitioners' wholly owned and operated corporation. Respondent conceded that during 1982, petitioners made expenditures of $ 23,097.96 on behalf of Florac. The balance of rental payments over expenditures was not deposited or credited to an account maintained by Florac, but rather was retained by petitioners for their personal use. Petitioners reported no dividends from Florac on their 1982 Federal income tax return. Respondent determined that during 1982 petitioners received $ 9,453.34 of unreported constructive dividend income from Florac. At trial, petitioners failed to present any evidence regarding their receipt of rental payments for property owned by Florac. OPINION Unexplained Bank Deposits
Gross income is defined in section 61(a) as including all income from whatever source derived. Taxpayers are required to maintain books and records sufficient to establish the amount of their gross income. Sec. 1.6001-1(a), Income Tax Regs. If a taxpayer fails to maintain adequate books and records, the Commission may compute the taxpayer's *493 gross income based on deposits to the taxpayer's accounts. Tokarski v. Commissioner, 87 T.C. 74 (1986); Estate of Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). While not conclusive, bank deposits are prima facie evidence of income. Hague Estate v. Commissioner, 132 F.2d 775 (2d Cir. 1943). Respondent need not prove a likely source of the unreported income, nor is he required to prove that all of the deposits are income. Tokarski v. Commissioner, supra at 76. The determination by respondent is presumed to be correct. Welch v. Helvering, 290 U.S. 111 (1933). The burden of showing that the deposits represent nontaxable income is on the taxpayer. Rule 142(a); Zarnow v. Commissioner, 48 T.C. 213 (1967). Petitioners argue that before the presumption of correctness can attach to respondent's determination there must be something more than a showing of unexplained bank deposits. Petitioners rely on Armes v. Commissioner, 448 F.2d 972 (5th Cir. 1971), and Cohen v. Commissioner, 266 F.2d 5 (9th Cir. 1959), *494 in arguing that respondent's use of the bank deposit method is arbitrary and unreasonable and that therefore respondent bears the burden of going forward. Armes v. Commissioner, supra, is distinguishable because the Commissioner in that case relied on the section 6501(a)(1)(A) exception to the basic three-year statute of limitations contained in section 6501, and for that purpose was required to prove that the taxpayers had failed to report an amount equal to more than 25 percent of reported income for the year at issue. In Armes the Fifth Circuit Court of Appeals held that where the Commissioner bears the burden of proof, he must establish a likely source of taxable income as a prerequisite to a finding that unexplained bank deposits represent taxable income. The court did not hold that the bank deposit method of determining income is arbitrary or unreasonable. In the instant case, there are no applicable exceptions to the general rule that petitioners bear the burden of proving that respondent's determination is incorrect. Petitioners' reliance on Cohen v. Commissioner, supra, is also misplaced. In Cohen, the taxpayer operated *495 as a "betting commissioner," arranging bets on sporting events. During the years in question the taxpayer made substantial deposits representing receipts from other betting commissioners in settlement of accounts. The taxpayer presented evidence showing he had made substantial payouts in settlement as well. In Cohen the Ninth Circuit Court of Appeals held that the Commissioner had erred in failing to reduce the deposits by the payouts in computing the taxpayer's income. Because the taxpayer presented evidence showing that the Commissioner's determination was incorrect, the burden of going forward shifted to the Commissioner. Petitioners, however, have failed to present evidence identifying either the unexplained deposits or any appropriate reductions to the deposits, and therefore respondent's determination remains presumptively correct. Petitioners also argue that they have met their burden of proving that the deposits in question were, at least in part, a return of capital rather than taxable income. Petitioners ask us to infer that the unexplained deposit in the amount of $ 66,214.11 which was deposited on March 9, 1982, included the $ 61,384 which was transferred from *496 Canada to Buffalo, New York, on the previous day. In addition, petitioners ask us to infer that the $ 61,384 transferred on March 8, 1982, was part of the $ 249,366 which was originally transferred from Buffalo, New York to Canada on November 27, 1979. Based on these independent transfers, petitioners ask us to find that they have established a nontaxable source for the unexplained deposit on March 9, 1982. Petitioner had the opportunity to explain the transactions at trial, but declined to do so. Because petitioners failed to testify or introduce any evidence in support of these inferences, we find that they have failed to carry their burden of proof. Wood Corp. of Delaware v. Commissioner, 22 B.T.A. 1182 (1931), affd. 63 F.2d 1023 (6th Cir. 1933). In addition, petitioners argue that the amount of unexplained bank deposits on which respondent based his notice of deficiency should be reduced by the constructive dividends which respondent determined are includable in petitioners' income for 1982. Petitioners' argument is based on the assumption that the dividends in question were deposited into their bank accounts. However, petitioners failed to *497 present any testimony or documentary evidence showing that the unexplained bank deposits are attributable to the dividends received from Florac. Zarnow v. Commissioner, supra.
We hold that petitioners have failed to meet their burden of proof, and that respondent properly included the unexplained deposits in their gross income for 1982. Constructive Dividends
Under section 301(c)(1) dividends are includable in the gross income of the shareholder. A constructive dividend is paid to shareholders when a corporation confers a benefit on the shareholders without expectation of repayment in order to distribute available earnings and profits. Nobel v. Commissioner, 368 F.2d 439 (9th Cir. 1966), affg. T.C. Memo. 1965-84; Benes v. Commissioner, 42 T.C. 358 (1964), affd. 355 F.2d 929 (6th Cir. 1966). Where a corporation has paid a constructive dividend, the payment is taxable as ordinary income to the shareholders to the extent of the earnings and profits of the corporation. Truesdell v. Commissioner, 89 T.C. 1280 (1987). The burden of proving that the alleged dividend exceeded *498 the earnings and profits of the corporation is on the taxpayer. Truesdell v. Commissioner, supra at 1295. Any amount received in excess of both the earnings and profits of the corporation and the shareholders' basis in the stock is treated as income from the sale or exchange of property as provided in section 301(c). Petitioners argue that the commingling of rental payments with their personal assets was done as a matter of convenience to pay corporate expenses. However, petitioners have failed to offer any evidence showing an intent to use the receipts for corporate, rather than personal, purposes. In addition, petitioners have failed to present any evidence regarding the earnings and profits of Florac during the period in which petitioners received the rental payments. In the absence of such evidence, we uphold respondent's determination that the entire amount of the rental receipts less any expenditures made by petitioners on behalf of Florac is includable in petitioners' gross income. [3]
*499 Additions to Tax under Section 6653(a)(1), Section 6653(a)(2) and Section 6661
We now address the final issue of whether petitioners are subject to additions to tax under sections 6653(a)(1), 6653(a)(2), and 6661. Section 6653(a)(1) provides for an addition to tax of 5 percent of any underpayment if any part of the underpayment is due to negligence or the intentional disregard of rules or regulations. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Negligence under section 6653(a) is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 937 (1985). Petitioners bear the burden of proof with respect to additions to tax for negligence. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860 (1982). Petitioners introduced no evidence at trial with respect to the additions to tax under sections 6653(a)(1) and 6653(a)(2), nor was the issue addressed *500 in their brief. Accordingly, petitioners have not overcome the correctness of respondent's determination. Respondent's determination of additions to tax under sections 6653(a)(1) and 6653(a)(2) is upheld. Section 6661 provides that where there is a substantial understatement of income tax for any taxable year, there is added to the tax an amount equal to 10 percent of the amount of any underpayment attributable to such understatement. There is a substantial understatement under section 6661(b)(1)(A) if the amount of tax required to be shown on a return exceeds the amount of tax which is actually shown on the return by the greater of 10 percent of the tax required to be shown or $ 5,000. Again, petitioners introduced no evidence at trial with respect to the addition to tax and therefore have not overcome the correctness of respondent's determination. Respondent's determination of the addition to tax under section 6661 is upheld. In light of the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All references hereafter to petitioner shall be to Andre Camacho and all references to petitioners shall be to both Andre and Maria Camacho.↩
3. Petitioners produced receipts for expenses which they paid on behalf of Florac. Respondent concedes the constructive dividend should be reduced by these expenditures.↩