T.C. Memo. 1998-236

UNITED STATES TAX COURT

MICHAEL AND CHRISTA DEE RICHARDSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5122-97.                    Filed July 2, 1998.

Michael Richardson, pro se.

<u>Richard W. Kennedy</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All
section references are to the Internal Revenue Code in effect for
the year in issue.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1993 Federal income tax in the amount of $2,380, an addition to tax under section 6651(a) in the amount of $187.15, and an accuracy-related penalty under section 6662 in the amount of $476.

The issues are: (1) Whether petitioners are entitled to claim a theft loss; (2) whether petitioners are liable for the addition to tax under section 6651(a)(1); and (3) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. Petitioners resided in Ogden, Utah, at the time the petition was filed.

Petitioner Michael Richardson (petitioner) filed a Schedule C with his 1993 Federal income tax return. On the Schedule C, he listed his business as mining with a business name of Shoe String Mining. No income or expenses were listed except for $8,500 of "other" expenses which resulted in a loss in that amount. On the Schedule C, petitioner stated that the $8,500 was "stolen equipment not covered by insurance" and listed:

    955 Catapiller [sic] Track Loader    5000
    35 KW Diesel Gen.                     3000
    Water Pump                             500

In the notice of deficiency, respondent disallowed the $8,500 claimed loss.

At trial, petitioner explained that he bought the equipment to use in a gold mining venture he carried on in 1989 in Nevada on property owned by the Bureau of Land Management. Some time in 1989 he ceased to carry on this venture and went back to work for a railroad. He covered the equipment with canvas and left it on the mining site. As petitioner put it, this "was way out in the middle of nowhere." Petitioner testified that the closest building was probably 30 miles from the site and the closest town was about 80 to 90 miles away. Petitioner did not insure the equipment. He testified that he last saw the equipment in approximately July 1992 and saw that the equipment was missing in approximately June 1993. Petitioner did not file a police report at any time.

Section 165 allows as a deduction theft losses sustained during the year not compensated by insurance or otherwise. In general, whether or not a theft loss is incurred in a trade or business, the amount of the loss to be taken into account is the lesser of either (1) the fair market value of the property immediately before the theft, or (2) the adjusted basis of the property. Secs. 1.165-7 and 1.165-8(c), Income Tax Regs.; see also sec. 165(h). In the case of property used in a trade or business, if the fair market value of the property immediately before the theft is less than the adjusted basis, the amount of the adjusted basis would be treated as the amount of the loss.

Id. Section 165(e) provides that "any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss."

Petitioner must prove the adjusted basis of his property. Millsap v. Commissioner, 46 T.C. 751, 760 (1966), affd. 387 F.2d 420 (8th Cir. 1968). A loss cannot be computed where the taxpayer's basis in property is not proven. Id.; Leighton v. Commissioner, T.C. Memo. 1995-515, affd. without published opinion 108 F.3d 332 (5th Cir. 1997); Fisher v. Commissioner, T.C. Memo. 1986-141.

Petitioner presented no records to support even the existence of the equipment. He presented no bills of sale, receipts, canceled checks, or business records to establish the basis of the equipment. Petitioner testified as to dollar amounts regarding the equipment but his testimony was not credible. We are not required to accept the self-serving testimony of petitioner as gospel. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We find that petitioners are not entitled to deduct any loss under section 165 because petitioner failed to prove his adjusted basis in the property.

Calendar year individual taxpayers must file a Federal income tax return by April 15 following the close of the calendar year. Sec. 6072(a). Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due

date, determined with regard to any extension of time for filing previously granted, unless such failure was due to reasonable cause and not willful neglect. Petitioners must prove both reasonable cause and a lack of willful neglect. Petitioners provided no reasonable cause as required by section 6651(a)(1) for the late filing of their return. Accordingly, respondent's determination of the addition to tax under section 6651(a) is sustained.

Finally, we must decide whether petitioners are liable for an accuracy-related penalty in the amount of $476 for 1993. Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. On this record, we uphold respondent's determination that the penalty under section 6662(a) should be imposed.

<u>Decision will be entered</u>

<u>for respondent</u>.