T.C. Summary Opinion 2001-71

UNITED STATES TAX COURT

PERCY RODGERS, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1912-00S.                    Filed May 15, 2001.

Percy Rodgers, Jr., pro se.

<u>Jack Anagnostis</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency of $10,408 in petitioner's 1994 Federal income tax and additions to tax of $983.75 under section 6651(a) and $165.68 under section 6654(a). The issues for decision are: (1) Whether petitioner is liable for the deficiency determined by respondent; (2) whether petitioner filed a Federal income tax return for 1994 or had reasonable cause not to file a return; and (3) whether petitioner underpaid estimated tax for 1994.

There was no stipulation of facts in this case. Petitioner resided in Pennsauken, New Jersey, at the time his petition was filed with the Court.

Respondent's counsel indicated that he was under the impression that petitioner was ready to concede his liability for the deficiency in this case but that he was contesting the additions to tax. Petitioner, however, appeared at trial and challenged the deficiency and the additions to tax. Petitioner claims that he timely filed his 1994 tax return, but he presented no documentary evidence and offered no other testimony disputing respondent's determination of his income tax liability for the year in issue.

Petitioner contends that it is not fair for respondent to wait 5 years to let him know that his return was not received. Section 6501(c), however, provides that there is no statute of limitations restricting the assessment of tax for a year in which

a taxpayer has failed to file a return.

Generally, a deficiency notice is presumed correct, and the taxpayer has the burden of proving it wrong. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[1] The only evidence offered by petitioner at trial was his testimony that he filed his return. We are not required to accept petitioner's self-serving testimony, particularly in the absence of corroborating evidence. See <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). If petitioner filed his return, he should have either received a refund or paid an amount due, yet petitioner presented no evidence regarding a refund or a payment.

Petitioner attributes his lack of documentary evidence to the 5 years that elapsed between the tax year at issue and his receipt of the notice of deficiency. Petitioner, however, made no attempt to explain why respondent's deficiency determination is incorrect or provide us with any basis not to uphold it. Accordingly, we find that petitioner did not file his 1994 Federal income tax return and uphold respondent's determination of a deficiency.

Section 6651(a)(1) provides for an addition to tax where a return is not timely filed "unless it is shown that such failure

---

[1] We do not find that the burden-shifting provisions of current sec. 6201(d) or sec. 7491 apply.

is due to reasonable cause and not due to willful neglect". Petitioner has not presented any evidence establishing a reasonable cause for his failure to file a return, thus we hold petitioner is liable for the section 6651(a)(1) addition to tax.

Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". Section 6654 does not provide relief for reasonable cause. Petitioner presented no argument regarding payments of estimated tax. We thus hold petitioner liable for the section 6654(a) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.