JOHN J. TOKARSKI, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19239-85.      Filed July 14, 1986.

*Philip B. Abramowitz*, for the petitioner.
*Stephen C. Best*, for the respondent.

OPINION

TANNENWALD, *Judge*: Respondent determined a deficiency in petitioner's Federal income tax for 1981 in the amount of $11,722, together with an addition to tax of $586 under section 6653(a)(1),[1] and an additional amount to be determined[2] under section 6653(a)(2). The issues for decision are (1) whether a bank deposit constitutes taxable income, and (2) whether petitioner is liable for the additions to tax for negligence or intentional disregard of rules and regulations. For convenience, we have combined our findings of fact and opinion.

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The $586 was the only addition to tax set forth in the notice of deficiency but the attachments to the notice explained that an additional amount consisting of 50 percent of the interest payable with respect to the $11,722 was being determined.

Petitioner resided in Buffalo, New York, at the time the petition was filed. He filed a timely Federal income tax return for 1981 with the Andover Service Center.

On July 27, 1981, petitioner deposited $30,000 in cash with the Manufacturer's Hanover Bank and received therefor a Certificate of Deposit. Petitioner did not include the $30,000 in income on his 1981 return but he did include the interest earned on that account.[3]

Petitioner's mother testified that she gave the $30,000 to petitioner; that the funds came from her husband, Frank Tokarski (petitioner's father), when he died in May 1976; that the father had accumulated cash which he had kept in a cigar box in a closet in their home; that, around Christmas of 1975 after her husband had had a heart attack, he told her to give the cash to their son (petitioner) when he reached the age of 27; that he picked that age because he felt that by that time petitioner would be more mature; that her husband did not believe in banks; and that she gave the cash to petitioner when he reached 27 on June 11, 1981. Petitioner also testified that his father had wanted him to have the money on his 27th birthday and that he did not deposit it immediately because it took him 6 weeks to convince his mother that it should be so deposited. Petitioner further testified that he was unemployed during 1980 and 1981 and in fact never has worked at all; that he received free room and food by living with his mother; and that he received $30 to $40 a week from his two uncles who lived with him and his mother, with which he purchased gas for his car, paid for his insurance, and had "money to go out with".

In the usual case, petitioner would have the burden of proof as to all issues involved herein. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a). Petitioner contends, however, that before that burden can be imposed upon him, respondent has the burden of going forward with evidence linking him to an income-producing activity, which respondent has not satisfied herein. In so contending, petitioner relies on *Llorente v. Commissioner*, 649 F.2d 152 (2d Cir. 1981), affg. in part, revg. in part, and remanding 74 T.C.

---

[3]The deficiency notice included $1,685 of interest income which respondent has conceded was incorrect.

260 (1980), and *Jackson v. Commissioner*, 73 T.C. 394 (1979). If *Llorente* is applicable, we would be required to sustain petitioner's contention. *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). See also *Dellacroce v. Commissioner*, 83 T.C. 269, 287 (1984). We are satisfied, however, that both *Llorente* and *Jackson* are distinguishable. In both cases, respondent reconstructed the taxpayer's income and there was no evidence that the taxpayer had *actually received anything* during the period in issue.[4] Likewise, in *Dellacroce*, there was no admissible evidence that the taxpayer therein had received any funds to which the alleged bribe could be linked. Furthermore, in none of these cases was there any evidence from which the actual receipt of funds could be inferred. Compare *Shriver v. Commissioner*, 85 T.C. 1 (1985). See also *LaBow v. Commissioner*, 763 F.2d 125 (2d Cir. 1985), affg. in part, revg. in part, and remanding a Memorandum Opinion of this Court, in which the Second Circuit Court of Appeals noted that in the case *sub judice* "the IRS did not have any factual basis for asserting that [x] received or benefited from [y's] claimed payments." 763 F.2d at 132.[5]

In the instant case, however, there is no question that petitioner received $30,000 in 1981. Under these circumstances,[6] we hold that there is no requirement that respondent produce evidence linking petitioner to an income-producing activity as a precondition to requiring petitioner

---

[4]Petitioner submits the following quotation from *Jackson v. Commissioner*, 73 T.C. 394 (1979), which suggests that the taxpayer did receive property: "the Government managed to seize $54,715·in cash plus an Eldorado Cadillac at the time of petitioner's arrest." The full quotation is as follows [73 T.C. at 399]:

"Notwithstanding the petitioner's almost total lack of funds or source of income in 1970 [the only year before the Court] (if his testimony is to be believed), the Government managed to seize $54,715 in cash plus an Eldorado Cadillac at the time of petitioner's arrest on July 8, 1971, on the suspicion of dealing in narcotics, according to the opening statement of respondent's counsel. The record contains absolutely no explanation of the source of these funds or property, and, in fact, respondent's counsel categorically stated that 'respondent maintains that the cash seized in 1971 has no bearing at all on the issue before this Court in the 1970 year.' "

[5]See also *Walker v. Commissioner*, 757 F.2d 36 (3d Cir. 1985), revg. and remanding a Memorandum Opinion of this Court, where direct evidence as to the actual receipt of funds or an income-producing activity was absent.

[6]Most of the cases requiring proof of a linkage to an income-producing activity have involved alleged illegal sources of income. We leave to another day whether that requirement should be limited to such cases. See *Anastasato v. Commissioner*, T.C. Memo. 1985-101; *Adamson v. Commissioner*, T.C. Memo. 1982-371, affd. 745 F.2d 541 (9th Cir. 1984). But cf. *LaBow v. Commissioner*, 763 F.2d 125 (2d Cir. 1985), affg. in part, revg. in part, and remanding a Memorandum Opinion of this Court.

to meet his burden of proof. We turn to the question of whether petitioner has satisfied his burden.

A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income. *Estate of Mason v. Commissioner*, 64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977). As previously noted, petitioner and his mother testified that the source of such income was cash accumulated by petitioner's father. Against this testimony stands the fact that respondent, in an effort to negate that explanation, investigated the assets of the father at the time of his death and submitted convincing evidence that the records of the New York Surrogate Court contained no evidence of any cash on hand. As also previously noted, petitioner testified that he had never worked and that he received funds to live on from his uncles. That petitioner, who appeared to us to be a normal, healthy person and was 32 years of age at the time of the trial, had never been productively occupied strains credulity. Moreover, the fact petitioner did not offer any corroborative testimony from his uncles or offer any explanation for not so doing weighs against him. *Blum v. Commissioner*, 59 T.C. 436, 440-441 (1972), and the cases cited therein.[7] Finally, we are unpersuaded that petitioner's delay of approximately 6 weeks between the date of his 27th birthday and the date of the deposit was attributable to his father's lack of confidence in banks. Under all the circumstances, we are not required to accept the self-serving testimony of petitioner or that of his mother as gospel. *Fleischer v. Commissioner*, 403 F.2d 403, 406 (2d Cir. 1968), affg. a Memorandum Opinion of this Court; *Leong v. Commissioner*, T.C. Memo. 1977-19, affd. without published opinion 573 F.2d 1291 (2d Cir. 1977).[8]

In sum, we hold that petitioner has failed to carry his burden of proof that the $30,000 was not taxable income. We further hold that, absent any evidence beyond that submitted with respect to the taxability of the $30,000, petitioner has also failed to carry his burden of proof with respect to the additions to tax under section 6653(a)(1) and (2).

---

[7]See also *Verra v. Commissioner*, T.C. Memo. 1972-199, affd. 474 F.2d 1336 (2d Cir. 1973).

[8]See also *Ross v. Commissioner*, T.C. Memo. 1978-380.

To reflect respondent's concession (note 3, *supra*),

*Decision will be entered under Rule 155.*