T.C. Summary Opinion 2004-157

UNITED STATES TAX COURT

ROY L. HUTCHINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11934-03S.          Filed November 15, 2004.

Roy L. Hutchinson, pro se.

<u>Marion K. Mortensen</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined that petitioner is liable for a deficiency in Federal income tax and additions to tax as follows:

| | | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1999 | $9,218 | $873.45 | $524.07 | $157.95 |

After concessions,[1] the issue for decision is whether petitioner is entitled to an overpayment for the taxable year 1999. This in turn is dependent upon whether petitioner filed a Federal income tax return for the taxable year 1999.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided at Layton, Utah.

Petitioner and his wife Mickey C. Hutchinson (hereinafter sometimes Mrs. Hutchinson) filed a joint Federal income tax return for the taxable year 1997 on April 19, 2000. Petitioner and his wife assert that they prepared 1998 and 1999 Federal income tax returns in October 2000, and mailed the returns to the Internal Revenue Service (IRS) on October 29 or 30, 2000.

---

[1] In his answer, respondent conceded the addition to tax under sec. 6651(a)(2). Respondent further claims an increase in the sec. 6651(a)(1) addition, increasing from $873.45 to $970.50. The basis for the claimed increase is that the concession of the sec. 6651(a)(2) addition by respondent, eliminated the effect of the limitation provision of sec. 6651(c)(1). Because of concessions made by respondent, namely that withholding credits and estimated tax payments exceeded the tax liability for 1999, the additions to tax are not in issue in this case.

Respondent's records do not reflect the filing of a 1998 or 1999 tax return as asserted by petitioner and his wife. Petitioner and his wife filed their tax return for the taxable year 2000 on April 15, 2004. At the time of trial (June 2004), petitioner and Mrs. Hutchinson had not filed Federal income tax returns for the taxable years 2001, 2002, and 2003.

On the 1997 tax return, petitioner and Mrs. Hutchinson claimed an overpayment in the amount of $1,979.13. Petitioner and his wife received a refund of $979.13 and sought to apply $1,000 from the 1997 return to the 1998 taxable year.

In June 2002, respondent commenced a review of petitioner's 1999 taxable year. Respondent examined the records of third parties and concluded that petitioner received certain items of income and failed to report said income on a 1999 Federal income tax return. By notice of deficiency dated May 5, 2003, respondent determined that petitioner failed to file a 1999 tax return and report income. The notice determined a deficiency in the amount of $9,218. After a timely petition was filed with this Court, petitioner and Mrs. Hutchinson met with an IRS Appeals Officer. Petitioner and his wife produced what they purported to be a copy of the 1999 tax return. The return is dated October 29, 2000. During the same meeting, petitioner and his wife also provided what they purported to be a copy of the

1998 tax return.[2]  The 1998 tax return reflected an overpayment of $1,686 and sought to apply the payment to the 1999 tax year. On the 1999 return petitioner and his wife sought to apply an overpayment of $7,023 to the 2000 tax year.

As a result of the meeting and after considering the copy of the purported return, respondent reduced the 1999 deficiency to $4,976, which amount petitioner concedes.  Because the parties agree that petitioner's withholding credits and estimated tax payments exceed the amount of tax due as redetermined, the question is whether petitioner is entitled to a refund of an overpayment in the amount of $361 for the 1999 taxable year.  The only issue related to this overpayment is whether it is time barred by section 6511(b)(2).

Petitioner claims that he is entitled to a determination of an overpayment of his 1999 Federal income tax and that the overpayment should be refunded to him.  Respondent contends that petitioner is not entitled to a refund of an overpayment because of the limitations of sections 6511 and 6512(b).

Pursuant to section 6512(b)(1), we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us. However, if a taxpayer did not file a return before the notice of

---

[2]  The IRS filed this as petitioner's 1998 return on Feb. 17, 2004.

deficiency was mailed, the amount of the credit or refund is limited to the taxes paid during the 2-year period prior to the date the deficiency notice was mailed.  See secs. 6511(b)(2),[3] 6512(b)(3)(B); Commissioner v. Lundy, 516 U.S. 235, 243-244 (1996); Hart v. Commissioner, T.C. Memo. 1999-186; Stevens v. Commissioner, T.C. Memo. 1996-250.

-------------------

[3] Sec. 6511(a) generally provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later.  Sec. 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid.  Sec. 6511(b)(2) provides limitations on the amount of any credit or refund as follows:

(2)  Limit on amount of credit or refund.--

(A)  Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.  If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B)  Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C)  Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

The only relevant factual dispute in this case is whether petitioner filed a Federal income tax return for the taxable year 1999. Respondent determined that petitioner did not file a 1999 return. Petitioner argues that he and his wife filed a 1999 return on or about October 29, 2000.

In general a taxpayer bears the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden may shift to the Commissioner if the taxpayer introduces credible evidence and satisfies the requirements under section 7491(a)(2) to substantiate items, maintain required records, and fully cooperate with the Commissioner's reasonable requests. Sec. 7491(a).

In the present case, the burden of proof remains with petitioner, because he has neither taken a position as to whether the burden of proof should be placed on respondent nor established that he has complied with the requirements of section 7491(a).

Petitioner and his wife have a history of nonfiling and delinquent filing. A review of IRS computer records reflects that no return was filed for 1999 and that a substitute for return was processed on July 1, 2002. Mrs. Hutchinson testified that she recalled preparing and mailing the 1998 and 1999 tax returns. Mrs. Hutchinson presented a U.S. Postal Service (USPS) receipt in the amount of $3.20 dated October 30, 2000. The

destination ZIP code on the receipt is 82414 (Cody, Wyoming). The USPS receipt does not show an addressee. Respondent asserts, and it has not been disputed by petitioner, that the destination ZIP code does not match that of the IRS service center in Utah or any other IRS office.

As a general rule, we are not required to accept self-serving testimony as to when a taxpayer filed his return. Masters v. Commissioner, 243 F.2d 335, 338 (3d Cir. 1957), affg. 25 T.C. 1093 (1956); Tokarski v. Commissioner, 87 T.C. 74 (1986); Dugan v. Commissioner, T.C. Memo. 1996-155. We conclude from this entire record that petitioner did not file a 1999 Federal income tax return.

The notice of deficiency reflects tax payments petitioner made for 1999 as withholding credits or estimated tax payments. Such payments are deemed to have been made as of April 15, 2000. See sec. 6513(b). Since the withholding and/or estimated taxes were paid more than 2 years before the notice of deficiency was mailed, May 5, 2003, petitioner is not entitled to a refund of any part of an overpayment for 1999. We therefore hold that the statutorily imposed time limitations of sections 6511 and 6512 bar us from determining that petitioner is entitled to a refund with respect to his 1999 tax. See Commissioner v. Lundy, supra; Badger v. Commissioner, T.C. Memo. 1996-314; Stevens v. Commissioner, supra.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency in the amount of $4,976 and as to the overpayment, and for petitioner as to the additions to tax.