T.C. Memo. 2008-40

UNITED STATES TAX COURT

DONALD P. AND MARGIE C. OSBORNE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4838-05.                    Filed February 26, 2008.

Donald P. and Margie C. Osborne, pro sese.

<u>Joan E. Steele</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision
are whether:  (1) Petitioners are entitled to depreciation,
insurance, interest, supplies, tax and licenses, travel, and
other expense deductions relating to 2001 and 2002; (2)
petitioners properly calculated cost of goods sold relating to

2001 and 2002; (3) petitioners failed to report gross income relating to 2001 and 2002; and (4) petitioners are liable for section 6662(a)[1] accuracy-related penalties.

FINDINGS OF FACT

Petitioner Donald Osborne (Mr. Osborne) was a self-employed truck driver. In addition, he maintained a business, Don Osborne Enterprises, which rented trailers and bought and sold over-the-road trucks and trailers. On his Schedules C, Profit or Loss from Business, relating to 2001 and 2002, Mr. Osborne combined income and expenses relating to these activities and claimed expense deductions for depreciation, insurance, interest, supplies, tax and licenses, travel, and other expenses.

In 2004, petitioners' 2001 and 2002 returns were selected for audit, and respondent's Revenue Agent Mary Miller began an examination of the items on the returns. To substantiate their expense deductions, petitioners submitted canceled checks, credit card statements, insurance records, and other documentation. Petitioners were given credit for the expenses that were properly substantiated. Using canceled checks and vehicle title information for Mr. Osborne's business, Ms. Miller made adjustments to the inventory, cost of goods sold, and depreciable

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

assets relating to 2001 and 2002. In addition, Ms. Miller used a bank deposits analysis to determine petitioners' unreported income.

On December 6, 2004, respondent issued petitioners a notice of deficiency relating to 2001 and 2002. In the notice of deficiency, respondent determined that petitioners were not entitled to portions of the deductions claimed on their returns, had failed to report gross receipts income, had improperly calculated cost of goods sold, and were liable for section 6662(a) accuracy-related penalties.

On March 11, 2005, petitioners, while residing in Colorado, filed their petition with the Court.

OPINION

Petitioners contend that they are entitled to the Schedule C deductions relating to 2001 and 2002 for Don Osborne Enterprises. Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Petitioners must maintain sufficient records to substantiate the deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

At trial, petitioners produced canceled checks, credit card statements, insurance records, and other documentary evidence that respondent had previously taken into account in the

determinations.[2]  There is no credible evidence to substantiate deductions (i.e., those relating to depreciation, insurance, interest, supplies, tax and licenses, travel, and other expenses) beyond those that respondent allowed in the notice of deficiency. In addition, we sustain respondent's determinations relating to cost of goods sold.  During the trial, pursuant to a stipulated agreement, the parties reduced the amount of unreported gross income in dispute.

To determine petitioners' unreported income, respondent conducted a bank deposits analysis.  Bank deposits are prima facie evidence of income, Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and under the bank deposits method, all money deposited into a taxpayer's bank account during a given period is assumed to be taxable income, DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), affd. 959 F.2d 16 (2d Cir. 1992).  Respondent's determinations are presumed to be correct, and petitioners bear the burden of proving that respondent's bank deposits analysis is erroneous.  See Rule 142(a); Parks v. Commissioner, 94 T.C. 654, 658 (1990).  Petitioners did not submit sufficient evidence to

---

[2]  Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to the issue that would shift the burden to respondent.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

rebut respondent's determinations, and the determinations are, as adjusted by the parties' stipulation, therefore, sustained.

With respect to 2001 and 2002, respondent determined that petitioners were liable for accuracy-related penalties pursuant to section 6662(a).  The penalty applies to any portion of petitioners' underpayment that is attributable to negligence or disregard of rules or regulations.  See sec. 6662(b)(1).  Respondent bears and has met the burden of production relating to the section 6662(a) accuracy-related penalties and has established that petitioners were negligent in the filing of their 2001 and 2002 returns.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioners failed to report income, maintain adequate business records, or exercise due care in reporting their income and expenses.  Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.