T.C. Summary Opinion 2010-17


UNITED STATES TAX COURT


RUDOLPH FARQUHAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24313-08S.          Filed February 23, 2010.


Rudolph Farquhar, pro se.

<u>Marissa J. Savit</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Hereinafter, all section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's Federal income tax (tax) for his taxable year 2006 of $3,718 and $743.60, respectively.

The issues for decision for petitioner's taxable year 2006 are:

(1) Is petitioner entitled to itemized deductions in excess of those that respondent allowed?  We hold that he is not.

(2) Is petitioner entitled to a rental real estate loss?  We hold that he is not.

(3) Is petitioner liable for the accuracy-related penalty under section 6662(a)?  We hold that he is.

## Background

Petitioner's residence was in New York at the time he filed the petition in this case.  Petitioner purchased that residence in September 2006 and continued to maintain it as his residence throughout that year until at least the date on which he filed the petition in this case.

During 2006, the year at issue, the Spillane Parkside Corp. d.b.a. McDonald's employed petitioner as a restaurant manager.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2006 (2006 return).  In the 2006 return, petitioner reported $49,067 on line 7 as wages and

claimed from Schedule E, Supplemental Income and Loss (2006 Schedule E), $14,749 as a loss from rental real estate.

In Schedule A, Itemized Deductions (2006 Schedule A), petitioner claimed State and local income taxes of $1,884, total cash and noncash gifts to charity of $1,860,[2] and total "Job Expenses and Certain Miscellaneous Deductions" (job and other expenses) of $16,493 before the application of the two-percent floor imposed by section 67(a).[3]

As required by section 67(a), petitioner reduced the total job and other expenses of $16,493 that he claimed in the 2006 Schedule A by two percent (i.e., by $686) of his claimed adjusted gross income of $34,318. In determining the taxable income of $4,867 reported in his 2006 return, petitioner deducted the claimed job and other expenses after the reduction just de- scribed, as well as the other itemized deductions claimed in the 2006 Schedule A that are not subject to any floor.

In calculating in the 2006 Schedule E the claimed rental real estate loss of $14,749, petitioner reported "Rents received" of $2,250 and the following claimed rental expenses:

---

[2]The total cash and noncash gifts to charity of $1,860 that petitioner claimed in the 2006 Schedule A included $500 of claimed noncash gifts to charity.

[3]Of the total $16,493 of job and other expenses that peti- tioner claimed in the 2006 Schedule A, petitioner claimed $12,485 as "Unreimbursed employee expenses - job travel, union dues, job education, etc." and $4,008 as "Other expenses - investment, safe deposit box, etc.".

| Claimed Rental Expense | Amount |
|---|---|
| Cleaning and maintenance | $400 |
| Legal and other professional fees | 405 |
| Repairs | 5,000 |
| Supplies | 300 |
| Taxes | 4,794 |
| Other closing fees | 2,324 |
| Heating oil/gas | 600 |
| Pesticide | 250 |
| Second mortgage tax | 729 |
| Depreciation | 2,197 |
| Total | $16,999 |

Respondent issued to petitioner a notice of deficiency for his taxable year 2006 (2006 notice). In that notice, respondent disallowed the total itemized deductions of $19,551 that petitioner claimed in the 2006 Schedule A.[4] In the 2006 notice, respondent also disallowed the rental real estate loss of $14,749 that petitioner claimed in the 2006 Schedule E. In the 2006 notice, respondent also determined to impose on petitioner for his taxable year 2006 an accuracy-related penalty under section 6662(a).

## Discussion

Petitioner bears the burden of proving error in the determinations in the 2006 notice that remain at issue.[5] See Rule

---

[4]In the 2006 notice, respondent allowed petitioner a standard deduction of $7,550.

[5]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a) with respect to the deficiency that respondent determined for petitioner's taxable year 2006 that is attributable to the determinations in the 2006 notice

(continued...)

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deductions claimed.[6]  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

In support of his position that he is entitled to the claimed itemized deductions that remain at issue and the claimed rental real estate loss,[7] petitioner relies principally on his testimony.[8]  We found the testimony of petitioner to be in cer-

---

[5](...continued)
that remain at issue.  In any event, petitioner has failed to carry his burden of establishing that he satisfies the require- ments of sec. 7491(a)(2).  On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

[6]The Code and the regulations thereunder require petitioner to maintain records sufficient to establish the amount of any deduction claimed.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

[7]Respondent concedes that, of the total State and local income taxes of $1,884 that petitioner claimed in the 2006 Schedule A, petitioner is entitled to deduct $1,683.68.  Respon- dent makes that concession on the basis of two Forms W-2, Wage and Tax Statements, attached to petitioner's 2006 return.  In the event that the Court were to find that petitioner is not entitled to the rental real estate loss of $14,749 that he claimed in the 2006 Schedule E, respondent would concede that petitioner is entitled for his taxable year 2006 to an itemized deduction of $4,794 for real estate taxes that he paid with respect to his residence.

[8]Petitioner maintained no books, records, receipts, or other corroborative documentary evidence in support of his position that he is entitled to the itemized deductions that he is claim- ing.  Nor did petitioner maintain corroborative documentary
(continued...)

tain material respects general, vague, conclusory, uncorrobo-rated, and self-serving. We shall not rely on the testimony of petitioner to establish his position that he is entitled to the itemized deductions and the rental real estate loss that he is claiming for the year at issue. See, e.g., <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2006 to the claimed itemized deductions that remain at issue and the claimed rental real estate loss.

We turn now to the accuracy-related penalty under section 6662(a). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations. Sec. 6662(b)(1).

---

[8](...continued)
evidence in support of his position that he is entitled to the rental real estate loss that he is claiming. Although petitioner introduced into the record certain receipts from a retail store showing that during 2006 he had made certain expenditures at those stores that he contends were made with respect to his claimed rental real estate, which was his residence, the record does not contain any reliable evidence establishing that those expenditures are deductible under sec. 212 (or any other Code section) as rental real estate expenses for his taxable year 2006. At trial, petitioner testified that he did not maintain any corroborative documentary evidence because he did not believe that respondent would examine his taxable year 2006.

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess such taxpayer's proper tax liability, the knowledge and the experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production under section 7491(c) with respect to the accuracy-related penalty under

section 6662(a) that respondent determined for petitioner's taxable year 2006. To meet that burden, respondent must come forward with sufficient evidence showing that it is appropriate to impose the accuracy-related penalty. See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Although respondent bears the burden of production with respect to the accuracy-related penalty that respondent determined for petitioner's taxable year 2006, respondent "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." <u>Id.</u>

On the record before us, we find that petitioner failed to maintain adequate books and records and failed to substantiate properly the itemized deductions and the rental real estate loss that he is claiming for 2006. See sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, except for the relatively small amount of itemized deductions that respondent concedes for petitioner's taxable year 2006,[9] we have sustained respondent's determinations to disallow those claimed deductions and that claimed loss. On the record before us, we find that respondent has carried respondent's burden of production with respect to the accuracy-related penalty under section 6662(a) that respondent determined for petitioner's taxable year 2006.

---

[9]See <u>supra</u> note 7.

On the record before us, we find that petitioner has failed to carry his burden of showing that he was not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for his taxable year 2006.

On the record before us, we further find that petitioner has failed to carry his burden of showing that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment for his taxable year 2006.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for his taxable year 2006 for the accuracy-related penalty under section 6662(a).

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,[10]

Decision will be entered under Rule 155.

---

[10]It appears that the itemized deductions that respondent concedes, see supra note 7, do not exceed the standard deduction that respondent allowed in the 2006 notice, see supra note 4. Nonetheless, the parties shall determine whether that is the case in computations under Rule 155.