T.C. Summary Opinion 2011-96


UNITED STATES TAX COURT


JOHN ALRIDGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22458-09S.                    Filed July 25, 2011.


John Alridge, pro se.

Gerald Semasek, for respondent.


CHIECHI, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]Hereinafter, all section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in, and an addition under section 6651(a) to, petitioner's Federal income tax (tax) for his taxable year 2005 of $3,913 and $1,127.75, respectively.

The issues remaining for decision for petitioner's taxable year 2005 are:

(1) Is petitioner entitled to deduct certain claimed business expenses under section 162(a)?  We hold that he is not.

(2) Is petitioner liable for the addition to tax under section 6651(a)(1) for failure to file timely his tax return?  We hold that he is.

Background

Some of the facts have been stipulated and are so found.

Petitioner resided in Maryland at the time he filed the petition.

During 2005, the year at issue, petitioner was self-employed as a realtor and provided services in that capacity for Long & Foster Realty Co. (Long & Foster).  During 2005, Long & Foster paid petitioner total nonemployee compensation of $21,745 and reported that nonemployee compensation in Form 1099-MISC, Miscellaneous Income (Form 1099-MISC), that it issued to him for that year.  Petitioner maintained no books, records, or other documents with respect to his business as a self-employed realtor.

Petitioner requested, and was granted, an extension of time to file his tax return for his taxable year 2005 on or before

October 15, 2006.  Petitioner did not file Form 1040, U.S. Individual Income Tax Return, for his taxable year 2005 (2005 return) until September 6, 2007.  Petitioner did not retain a copy of that return.

As of the time of the trial, respondent had been unable to locate the 2005 return that petitioner filed or a copy thereof. Respondent, however, maintained a computer transcript with respect to petitioner's taxable year 2005 (2005 transcript). That transcript, a so-called RTVUE transcript, was a document that the Internal Revenue Service prepared and that was to reflect the various entries that petitioner made in his 2005 return.

The 2005 transcript showed that petitioner reported in his 2005 return $846 of "TAX-EXEMPT INTEREST" on line 8b and $14,159 of "OTHER INCOME" on line 21.  According to the 2005 transcript, petitioner reported no wages or other income and no self-employment tax in his 2005 return and did not include Schedule C, Profit or Loss From Business (Schedule C), as part of that return.

Respondent issued to petitioner a notice of deficiency for his taxable year 2005 (2005 notice).  In that notice, respondent determined, inter alia, to include $21,745 as business income from Schedule C (Schedule C business income) for petitioner's

taxable year 2005.[2]  In the 2005 notice, respondent also deter-
mined to impose an addition to tax under section 6651(a)(1) for
petitioner's failure to file timely his 2005 return.

## Discussion

Petitioner bears the burden of proving that the determina-
tions in the 2005 notice are erroneous.[3]  See Rule 142(a); <u>Welch
v. Helvering</u>, 290 U.S. 111, 115 (1933).

Petitioner concedes that he received during 2005 from Long &
Foster $21,745 of self-employment income (i.e., Schedule C
business income) for the work that he did during that year as a
realtor for that company.  He claims, however, that he is enti-
tled to deduct as business expenses for his taxable year 2005
certain expenses that he paid during that year in performing that
work, including amounts expended for insurance, mileage, market-

---

[2]Long & Foster had reported the $21,745, which respondent
determined in the 2005 notice to include in petitioner's total
income as Schedule C business income, in Form 1099-MISC that it
issued to petitioner for his taxable year 2005.  That $21,745
included the $14,159 that petitioner had reported as "OTHER
INCOME" in his 2005 return.  As a result, respondent further
determined in the 2005 notice to eliminate from petitioner's
total income that $14,159.

[3]Petitioner does not claim that the burden of proof shifts
to respondent under sec. 7491(a).  On the record before us, we
conclude that the burden of proof does not shift to respondent
under that section.  See <u>id.</u>

ing, stamps, and other expenses associated with being a realtor.[4]
Respondent disagrees.

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.[5] Deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The Code and the regulations thereunder require petitioner to maintain records sufficient to establish the amount of any deduction claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

---

[4]In the petition, petitioner alleged total deductible business expenses of $6,339 for his taxable year 2005, even though the difference between the $21,745 of Schedule C business income that petitioner received during that year and the $14,159 of "OTHER INCOME" that he reported on his 2005 return is $7,586. Petitioner contends that he claimed those business expenses in Schedule C, which he maintains he included with the 2005 return that he filed. Respondent denies having received Schedule C from petitioner for petitioner's taxable year 2005. Regardless of whether petitioner included the claimed business expenses in Schedule C and whether he filed Schedule C with his 2005 return, a tax return is merely a statement of the claim of the person filing the return and does not establish the truth of the matters set forth therein. See, e.g., Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). As discussed below, petitioner must establish his entitlement to any deduction claimed.

[5]For certain expenses otherwise deductible under sec. 162(a), such as business expenses relating to "listed property", including passenger automobiles, see sec. 280F(d)(4)(A)(i), petitioner must satisfy the substantiation requirements set forth in sec. 274(d) before such expenses will be allowed as deductions. See sec. 274(d).

In support of his position that he is entitled to deduct the claimed business expenses at issue, petitioner relies on his testimony. We found the testimony of petitioner to be in certain material respects general, vague, conclusory, uncorroborated, and self-serving. We shall not rely on the testimony of petitioner to establish his position that he is entitled to deduct the claimed business expenses for his taxable year 2005. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

We have found that petitioner maintained no books, records, or other documents with respect to his business as a self-employed realtor.[6] Petitioner has failed to present any reliable evidence to establish (1) the amount and/or the nature of each of the business expenses that he is claiming for his taxable year 2005 and (2) that he paid each of those expenses during that year.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2005 to deduct under section 162(a) the business expenses that he is claiming.[7]

_____

[6]Although petitioner testified that he maintained a mileage log with respect to travel as a realtor, he failed to proffer any such log at trial.

[7]Assuming arguendo that we had found that petitioner had carried his burden of establishing for his taxable year 2005 his entitlement to deductions under sec. 162(a) with respect to certain expenses subject to sec. 274(d), petitioner would still

(continued...)

We turn now to the addition to tax under section 6651(a)(1).
Section 6651(a)(1) imposes an addition to tax for failure to file
timely a tax return.  Respondent bears the burden of production
with respect to the addition to tax under section 6651(a)(1) that
respondent determined for petitioner's taxable year 2005.  See
sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446–447
(2001).  To satisfy respondent's burden of production, respondent
must come forward with "sufficient evidence indicating that it is
appropriate to impose" the addition to tax.  Higbee v. Commissioner, supra at 446.  Although respondent bears the burden of
production with respect to the addition to tax under section
6651(a)(1) that respondent determined, respondent "need not
introduce evidence regarding reasonable cause * * *. * * * the
taxpayer bears the burden of proof with regard to" that issue.
Id.

Petitioner requested, and was granted, an extension of time
to file his 2005 return on or before October 15, 2006.  Petitioner did not file his 2005 return until September 6, 2007.  On
the record before us, we find that respondent has satisfied
respondent's burden of production under section 7491(c) with

---

[7](...continued)
have to satisfy the requirements of sec. 274(d) with respect to
those expenses.  On the record before us, we find that petitioner
has failed to carry his burden of establishing that he satisfies
those requirements.

respect to the addition to tax under section 6651(a)(1) that respondent determined in the 2005 notice.

The addition to tax under section 6651(a)(1) does not apply if the failure to file timely is due to reasonable cause, and not due to willful neglect.  See sec. 6651(a)(1).  At trial, petitioner failed to present any evidence to establish that his failure to file timely his 2005 return was due to reasonable cause, and not due to willful neglect.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that his failure to file timely his 2005 return was due to reasonable cause, and not due to willful neglect.  On that record, we further find that petitioner is liable for his taxable year 2005 for the addition to tax under section 6651(a)(1).

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

Decision will be entered

for respondent.