T.C. Memo. 2014-56

UNITED STATES TAX COURT

ARTEM SERGIENKO AND STEPHANIE CORONA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11923-12.            Filed April 1, 2014.

Artem Sergienko and Stephanie Corona, pro sese.

Trent D. Usitalo and Bryant W.H. Smith, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge: Respondent determined a deficiency of $4,050 in petitioners' Federal income tax (tax) for their taxable year 2010.

The issues for decision for petitioners' taxable year 2010 are:

**[\*2]** (1) Are petitioners entitled to a dependency exemption deduction under section 151(a)[1] for the daughter of petitioner Stephanie Corona? We hold that they are not.

(2) Are petitioners entitled to the additional child tax credit under section 24(d) with respect to the daughter of petitioner Stephanie Corona? We hold that they are not.

(3) Are petitioners entitled to the earned income tax credit under section 32(a) with respect to the daughter of petitioner Stephanie Corona? We hold that they are not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in California at the time they filed the petition.

At a time not established by the record, petitioner Stephanie Corona (Ms. Corona) married Jesus A. Garcia (Mr. Garcia). Ms. Corona and Mr. Garcia were separated in January 2008 and divorced on July 31, 2009. During their marriage, Ms. Corona and Mr. Garcia had a daughter, AIG.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** On July 31, 2009, the Superior Court of California, County of San Joaquin (San Joaquin County Superior Court), entered a judgment of dissolution (dissolution judgment) dissolving the marriage between Ms. Corona and Mr. Garcia. The dissolution judgment provided as follows with respect to custody of, and visitation with, AIG: "Joint legal custody to Petitioner [Ms. Corona] and Respondent [Mr. Garcia]; Shared Physical Custody awarded to Petitioner and Respondent. Parenting time is by agreement."

In September 2009, Ms. Corona married petitioner Artem Sergienko.

On December 1, 2009, Mr. Garcia filed in the San Joaquin County Superior Court (1) a notice of motion for modification of visitation (Mr. Garcia's motion) and (2) a declaration (Mr. Garcia's declaration) in support of Mr. Garcia's motion. In Mr. Garcia's motion, Mr. Garcia requested modification of the dissolution judgment with respect to visitation with AIG. Mr. Garcia's declaration stated in pertinent part:

> My name is Jesus A. Garcia; I am requesting a modification of my last court order submitted on 7/31/2009, "As parties agree" regarding my daughter \* \* \* [AIG]. At that point in time of the order, Stephanie N Corona (Mother) and my self had been separated for some time before the "agreement". The agreement had been working out well between us. We had fair communication and were able to come to an agreement regarding visitations. However at this time I have some concerns and would like to address the issues. However I do not believe Stephanie and I can come to an agreement at this time.

[*4]      I am finding it to be difficult to communicate with Stephanie and come to an agreement on visitation hours, pick up and drop off locations. We have not been able to talk and do not agree many times. I find my self in difficult situations while working to accommodate last minute arrangements by Stephanie. I have other issues I would like to address such as holidays, contact information, primary doctor, influencing * * * [AIG], and schools.

We have both moved on as we are both in a different relationship. Stephanie has recently informed me she has remarried and currently lives out of town. I would like to come to an agreement before this situation gets out of hand. I am concerned for our daughter as she does not quite understand but is aware of issues we are having.

On January 22, 2010, Mr. Garcia filed in the San Joaquin County Superior Court a supplemental declaration (Mr. Garcia's supplemental declaration) in support of Mr. Garcia's motion. Mr. Garcia's supplemental declaration stated in pertinent part:

1.      Petitioner Stephanie Corona and I have one child together, * * * [AIG] * * *. On July 31, 2009 a Judgment of Dissolution of Marriage was entered which provided that Petitioner and I were to have joint legal and shared physical custody of our daughter with specific parenting time to be determined by agreement. Since that time, Petitioner and I have shared parenting time of our daughter on an essentially equal basis. However, this past fall I became involved in a serious relationship and Petitioner began preventing me from seeing * * * [AIG]. This occurred until I filed a modification motion on December 1, 2009. Petitioner's unilateral and unjustified decision to permit me from seeing our daughter for several weeks this fall further encouraged me to seek a modification of the current order such that we have a defined parenting schedule.

**[\*5]** On April 2, 2010, the San Joaquin County Superior Court issued an order (April 2, 2010 order) in which that court modified the dissolution judgment, inter alia, by establishing a fixed visitation schedule for Mr. Garcia and Ms. Corona with respect to AIG. Pursuant to the April 2, 2010 order, visitation with AIG was to occur in "7 day blocks of time with the exchanges on Sunday at 7:45 pm", with Ms. Corona's first block of visitation time commencing on February 7, 2010, and Mr. Garcia's first block of visitation time commencing on February 14, 2010.[2]

Petitioners jointly filed Form 1040A, U.S. Individual Income Tax Return, for their taxable year 2010. In that return, petitioners reported total income of $17,531 and claimed, inter alia, (1) a dependency exemption deduction for AIG, (2) the additional child tax credit with respect to AIG, and (3) the earned income tax credit with respect to AIG.

Respondent issued to petitioners a notice of deficiency (notice) for their taxable year 2010. In that notice, respondent disallowed petitioners' claimed (1) dependency exemption deduction for AIG, (2) additional child tax credit with respect to AIG, and (3) earned income tax credit with respect to AIG.

---

[2]In the April 2, 2010 order, the San Joaquin County Superior Court also established a holiday visitation schedule that was to "supersede all other custody periods" for certain specified holidays.

**[*6]**                              OPINION

Petitioners bear the burden of establishing that the determinations in the notice are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Dependency Exemption Deduction

It is petitioners' position that they are entitled for their taxable year 2010 to a dependency exemption deduction under section 151(a) for AIG.  Respondent disagrees.

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer.  Section 151(c) provides an exemption for each dependent of the taxpayer, as defined in section 152.  Section 152(a) defines the term "dependent" to mean a qualifying child, see sec. 152(a)(1), or a qualifying relative, see sec. 152(a)(2).

Section 152(c) defines the term "qualifying child" as follows:

SEC. 152.  DEPENDENT DEFINED.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

**[*7]**                              (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

                              (C) who meets the age requirements of paragraph (3),

                              (D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins, and

                              (E) who has not filed a joint return (other than only for a claim of refund) with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

As pertinent here, an individual satisfies the relationship requirement in section 152(c)(1)(A) if that individual is a child[3] of the taxpayer. Sec. 152(c)(2)(A). As pertinent here, an individual satisfies the age requirement in section 152(c)(1)(C) if that individual is under age 19 as of the close of the calendar year in which the taxpayer's taxable year begins. Sec. 152(c)(3)(A)(i).

The parties do not dispute that AIG satisfies the relationship requirement in section 152(c)(1)(A), the age requirement in section 152(c)(1)(C), the support requirement in section 152(c)(1)(D), and the joint return requirement in section

---

[3]As pertinent here, sec. 152(f)(1) defines the term "child" for purposes of sec. 152 to mean either "a son, daughter, stepson, or stepdaughter of the taxpayer". Sec. 152(f)(1)(A)(i).

[*8] 152(c)(1)(E). They disagree as to whether AIG satisfies the principal place of abode requirement in section 152(c)(1)(B).

Petitioners argue that AIG satisfies the principal place of abode requirement in section 152(c)(1)(B). That is because, according to petitioners, AIG resided with them more than she resided with Mr. Garcia during the period that began on January 1, 2010, and that ended on April 2, 2010, when the San Joaquin County Superior Court issued the April 2, 2010 order.

In support of petitioners' argument that AIG satisfies the principal place of abode requirement in section 152(c)(1)(B), petitioners rely on (1) their respective testimonies, (2) Mr. Garcia's supplemental declaration, and (3) the April 2, 2010 order.

As for the respective testimonies of petitioners, we found those testimonies to be in certain material respects not credible and inconsistent. We shall not rely on the respective testimonies of petitioners to establish petitioners' argument that AIG satisfies the principal place of abode requirement in section 152(c)(1)(B). See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

As for Mr. Garcia's supplemental declaration, that supplemental declaration states that "this past fall I became involved in a serious relationship and Petitioner [Ms. Corona] began preventing me from seeing * * * [AIG]." However, Mr.

**[*9]** Garcia's supplemental declaration further states that Ms. Corona prevented Mr. Garcia from seeing AIG only "until I filed a modification motion [Mr. Garcia's motion] on December 1, 2009." Consequently, Mr. Garcia's supplemental declaration does not establish (1) that AIG resided with petitioners more than she resided with Mr. Garcia during the period that began on January 1, 2010, and that ended on April 2, 2010, and (2) that therefore AIG satisfies the principal place of abode requirement in section 152(c)(1)(B).

As for the April 2, 2010 order, that order does not establish that AIG resided with petitioners more than she resided with Mr. Garcia during the period that began on January 1, 2010, and that ended on April 2, 2010. Therefore, that order does not establish that AIG satisfies the principal place of abode requirement in section 152(c)(1)(B).

On the record before us, we find that petitioners have failed to carry their burden of establishing that for their taxable year 2010 AIG satisfies the principal place of abode requirement in section 152(c)(1)(B). On that record, we further find that petitioners have failed to carry their burden of establishing that for their taxable year 2010 (1) AIG is their qualifying child, as defined in section 152(c), and (2) that therefore she is their dependent, as defined in section 152(a)(1).

**[\*10]**  Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for their taxable year 2010 to a dependency exemption deduction under section 151(a) for AIG.

Additional Child Tax Credit

It is petitioners' position that they are entitled for their taxable year 2010 to the additional child tax credit under section 24(d) with respect to AIG.  Respondent disagrees.

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  As pertinent here, section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability.  Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

We have found that petitioners have failed to carry their burden of establishing that for their taxable year 2010 AIG is their qualifying child, as defined in

[*11]  section 152(c).  On the record before us, we find that petitioners have failed to carry their burden of establishing that for their taxable year 2010 AIG is their qualifying child, as defined in section 24(c)(1).

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for their taxable year 2010 to the additional child tax credit under section 24(d) with respect to AIG.

Earned Income Tax Credit

It is petitioners' position that they are entitled for their taxable year 2010 to the earned income tax credit under section 32(a) with respect to AIG.  Respondent disagrees.

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's tax liability.[4]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year".  Sec. 32(c)(1)(A)(i).  As pertinent here, section 32(c)(3)(A) defines the term

---

[4]The amount of the credit is determined on the basis of percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  See sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  See sec. 32(a)(2).

**[*12]** "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * * )."

We have found that petitioners have failed to carry their burden of establishing that for their taxable year 2010 AIG is their qualifying child, as defined in section 152(c). On the record before us, we find that petitioners have failed to carry their burden of establishing that for their taxable year 2010 AIG is their qualifying child, as defined in section 32(c)(3)(A).

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for their taxable year 2010 to the earned income tax credit under section 32(a) with respect to AIG.[5]

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

---

[5]Petitioners do not claim that either of them is an eligible individual, as defined in sec. 32(c)(1)(A)(ii), for their taxable year 2010. Even if they had made that claim, the record establishes that petitioners were both born in 1987. As a result, petitioners do not satisfy the age requirements of sec. 32(c)(1)(A)(ii)(II), which each of them must satisfy, among other requirements, in order to qualify as an eligible individual, as defined in sec. 32(c)(1)(A)(ii).

[*13] To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.
