T.C. Summary Opinion 2017-73

UNITED STATES TAX COURT

MICHAEL LEE MARTIN AND CAROL FEATHER MARTIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9578-16S.                  Filed September 7, 2017.

Michael Lee Martin and Carol Feather Martin, pro sese.

<u>Bartholomew Cirenza</u> and <u>Trevor B. Maddison</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect
for the year in issue, and all Rule references are to the Tax Court Rules of Practice
and Procedure.  We round all monetary amounts to the nearest dollar.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

With respect to petitioners' Federal income tax for 2013, the Internal Revenue Service (IRS or respondent) determined a deficiency of $1,860. Petitioners have conceded the sole adjustment set forth in the notice of deficiency. The only issue remaining for decision, which petitioners raise by way of offset, is whether they are entitled to an education credit. We hold that they are not.

## Background

The parties filed stipulations of facts with attached exhibits, which are incorporated by this reference. Petitioners resided in Virginia when they petitioned this Court.

During 2012 petitioners' daughter, Cecilia, was enrolled at Capital University in Columbus, Ohio. Sometime in December 2012 she left Ohio and moved back to Virginia. In March 2013 she enrolled in one course at Northern Virginia Community College (NVCC) in Springfield, Virginia. She remained at NVCC for one month. In May 2013 she allegedly enrolled as a full-time student at Canine Clippers, a trade school in Dumfries, Virginia, and earned a certificate in dog grooming after completing her studies there.

NVCC mailed to Cecilia and filed with the IRS a Form 1098-T, Tuition Statement, for 2013. It showed an entry of $613 in box 1, captioned "Payments received for qualified tuition and related expenses." Box 8, captioned "At least half-time student," was not checked.

On August 15, 2014, the IRS received from petitioners a timely Form 1040, U.S. Individual Income Tax Return, for 2013. On the basis of third-party reporting the IRS determined that petitioners had failed to report taxable Social Security benefits of $12,396. It accordingly sent them a timely notice of deficiency determining a deficiency of $1,860 for that year. Petitioners timely petitioned this Court seeking redetermination.

At trial petitioners submitted a copy of a second tax return they contend was the return they actually filed for 2013. On that return they reported taxable Social Security benefits of $13,055 and claimed an American Opportunity Tax Credit of $624. Petitioners have stipulated that they received taxable Social Security benefits of $13,055 in 2013.

Of the claimed education credit, $11 was attributable to alleged payments for books and supplies and the $613 balance was attributable to the tuition that NVCC reported on the Form 1098-T. Petitioners claimed $374 of this credit on line 49 as an education credit against the regular tax, and they claimed the $250

balance as a refundable credit and thus as a "payment." Respondent denies that the IRS ever received the second return and asserts that the return the IRS received on August 15, 2014, is petitioners' return for 2013. That return bears the signatures of both petitioners and is an exhibit to the supplemental stipulation of facts.

Petitioners attached to the second return a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits), showing the claimed $624 American Opportunity Tax Credit. Line 24 of this form asks: "Was the student enrolled at least half-time for at least one academic period that began in 2013 at an eligible educational institution * * * ?" Petitioners checked the box captioned: "No - Stop! Go to line 31 for this student." Line 31 pertains to the Lifetime Learning Credit. Petitioners made no entry on that line.

On the basis of petitioners' stipulation that they had received taxable Social Security benefits of $13,055, or $659 more than the IRS determined in the notice of deficiency, respondent orally moved to amend his answer to conform the pleadings to the proof. We granted that motion. Respondent now asserts an increased deficiency of $1,950, with which petitioners agree, subject to the Court's ruling concerning the education credit.

## Discussion

### A.     Burden of Proof

The IRS' determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Taxpayers must establish their entitlement to credits allowed by the Code and substantiate the amounts of claimed credits.  LaPoint v. Commissioner, 94 T.C. 733 (1990); sec. 1.6001-1(a), Income Tax Regs.  Under certain circumstances the burden of proof on factual issues may shift to respondent.  See sec. 7491(a)(1).  But petitioners introduced little if any "credible evidence," see ibid., and they did not "maintain[] all records required" by the Code, see sec. 7491(a)(2)(B).  They thus bear the burden of proof on all issues apart from the increased deficiency, as to which the burden is on respondent.  See Rule 142(a).

### B.     Education Credits

The Code allows a variety of education credits, including the American Opportunity Tax Credit, a modified version of the Hope Scholarship Credit that was in effect for tax year 2013.  See sec. 25A(i).  The American Opportunity Tax Credit provides for a credit against tax equal to "100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * *

as does not exceed $2,000" plus "25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Id. para. (1). The maximum amount of the credit is thus $2,500 per year. Up to 40% of the credit is made refundable, for a maximum refundable credit of $1,000. See id. para. (5).[2] The credit is available only if (among other things) the student is enrolled at least half time for at least one academic period that begins during the taxable year. See sec. 25A(b)(2)(B). A taxpayer may claim an education credit with respect to a dependent, as defined under section 151. See sec. 25A(f)(1)(A)(iii).

For two independently sufficient reasons, we conclude that petitioners are not entitled to the education credit they claim. First, in order to claim a credit, the taxpayer must show that he paid the tuition. See sec. 25A(b)(1)(A) (allowing credit for "qualified tuition * * * paid by the taxpayer"). The Form 1098-T supplied by NVCC was addressed to Cecilia, not petitioners. And petitioners have supplied no credible evidence that they, rather than she, paid the tuition.

At trial Mr. Martin testified that he paid NVCC $1,600 of tuition on behalf of Cecilia. At the end of trial we left the record open for 30 days to enable

---

[2]The American Opportunity Tax Credit phases out for married taxpayers filing a joint return whose modified adjusted gross income exceeds $160,000. Sec. 25A(i)(4). Respondent does not dispute that petitioners' gross income was below this threshold, taking into account the omitted income that they have conceded.

petitioners to submit documentary evidence on this point, but they submitted none. Mr. Martin's testimony that he paid $1,600 of tuition, moreover, is inconsistent with the Form 1098-T, which reported payment of only $613 of tuition during 2013. We are not obligated to accept Mr. Martin's testimony under these circumstances. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Second, even if petitioners could show that they paid Cecilia's tuition, they have failed to prove that she was enrolled at least half time at an eligible educational institution during 2013. The Form 8863 attached to their alleged second return contains an admission to the contrary. On that form petitioners checked "No" on line 24, which asked: "Was the student enrolled at least half-time for at least one academic period that began in 2013?" Mr. Martin is a tax return preparer. We assume that he knowingly checked this box and understood the tax consequences of Cecilia's less-than-half-time status.

In any event, Cecilia enrolled at NVCC in March 2013 for only one course. It thus seems unlikely that she could have been enrolled so much as half time. NVCC apparently did not think so, because on the Form 1098-T it filed with the IRS it did not check the box captioned "at least half-time student."

Petitioners allege that Cecilia was enrolled full time at Canine Clippers starting in May 2013. But they have produced no evidence showing that:

(1) Cecilia was enrolled there at least half time; (2) she was enrolled for at least one "academic period" there; (3) they paid tuition to Canine Clippers; or (4) Canine Clippers is an eligible educational institution. See sec. 1.25A-2(b), Income Tax Regs.

Petitioners have failed to demonstrate their entitlement to any education credit for 2013.[3]  In light of the foregoing,

Decision will be entered under

Rule 155.

---

[3]We need not address petitioners' entitlement to a Lifetime Learning Credit in lieu of an American Opportunity Tax Credit because they have failed to substantiate their payment of any qualified tuition or related expenses.