T.C. Summary Opinion 2010-50

UNITED STATES TAX COURT

JAMES L. WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7440-09S.                Filed April 20, 2010.

James L. Wright, pro se.

<u>John Spencer Hitt</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2005 a deficiency in petitioner's Federal income tax of $19,318 and an accuracy-related penalty under section 6662(a) of $3,863.60.

The parties agree that petitioner is not entitled to itemized deductions in excess of the standard deduction for a single taxpayer. The parties also agree that petitioner is entitled to deduct on Schedule C, Profit or Loss From Business, only the following expenses: (a) "Other" of $2,376, (b) $949 for utilities, (c) $1,660 for supplies, (d) $2,997 for rent, (e) $7,000 for legal fees, and (f) $1,188 for office expenses. The parties agree that petitioner failed to report on Schedule C of his Federal income tax return an additional $22,641 of gross receipts and sales. The issues remaining for decision are whether petitioner: (1) Failed to report $7,003.07 in excess of the gross receipts and sales that he now admits he failed to report, and (2) is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in Illinois when the petition was filed.

Petitioner during the year 2005 was a sole proprietor doing business as James Wright Tax and Accounting. The parties stipulated that petitioner maintained a business checking account with Harris Bank in the name of the proprietorship. Aside from the deposits on which the parties agree, respondent's examination revealed two additional bank "teller deposits", $3,500 on December 5 and $3,503.07 on December 21, 2005. Respondent determined them to be income.

Petitioner did not maintain adequate books and records that recorded his income for 2005, and he did not produce any evidence from the bank or otherwise that would indicate the nature of the disputed deposits.

## Discussion

### Disputed Deposits

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that he satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

Petitioner and respondent agree that petitioner did not report all of his gross receipts for 2005. Petitioner argues that the disputed deposits are loan proceeds from his life insurance policy or amounts "from cash savings", or that he may have "borrowed * * * [them] from someone". Petitioner also testified that "every now and then" he sold life insurance during the year for which he would receive commissions.

Petitioner failed to offer any documentary evidence about the nature of the disputed deposits. Even his testimony was vague and indefinite. This Court is not bound to accept a taxpayer's self-serving, unverified, and undocumented testimony. Shea v. Commissioner, 112 T.C. 183, 189 (1999); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

The Court sustains respondent's determination that the two deposits totaling $7,003.07 represent unreported income for 2005.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164. In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or

addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a). Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" is an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most

important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

Petitioner had a substantial understatement of tax for 2005 since the understatement amount exceeded the greater of 10 percent of the tax required to be shown on the return or $5,000. Petitioner claimed itemized deductions and business expenses to which he was not entitled and underreported his business income. The Court concludes that respondent has produced sufficient evidence to show that the imposition of the accuracy-related penalty under section 6662 is appropriate.

Petitioner, a tax return preparer, did not show that his underreporting of income and overreporting of deductions were actions taken with reasonable cause and in good faith. Respondent's determination of the accuracy-related penalty under section 6662(a) for 2005 is sustained.

To reflect the foregoing,

Decision will be entered under Rule 155.