[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12671
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

Agency No. 13462-09

LARRY R. BRADSHAW,

Petitioner - Appellant,

versus

COMMISSIONER OF THE INTERNAL REVENUE SERVICE,

Respondent - Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(January 5, 2011)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Larry R. Bradshaw, proceeding pro se, appeals the decision by the tax court

finding him liable for deficiencies in income tax for the years 2004, 2005, and 2006, as well as for penalties for his failure to file income tax returns and pay estimated taxes. Bradshaw does not contest the tax itself, but nonetheless avers that he should not be required to pay. After a thorough review of the record, we reject this argument and affirm.

We review the decision of the tax court's factual findings for clear error and its legal conclusions de novo. Estate of Whitt v. Commissioner, 751 F.2d 1548, 1556 (11th Cir. 1985). The Commissioner's determination of a deficiency is presumed correct and the taxpayer has the burden of proving by a preponderance of the evidence that it is incorrect. Id. A taxpayer's bank deposits provide prima facia evidence of income, and the taxpayer has the burden of proving that the bank deposits are not taxable income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Bradshaw concedes on appeal that the underlying tax is lawful, and additionally he does not offer evidence disputing that he received the allegedly taxable income. Accordingly, he has abandoned any claim of error with respect to the tax court's determination of the tax. See Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."). Instead, Bradshaw attacks the fairness and integrity of the IRS

officials who effected the tax as well as of the tax court that reviewed his challenge. However, Mr. Bradshaw fails to support his significant assertions with evidence. As such, we reject them, and affirm the decision of the tax court, which properly concluded that Bradshaw has failed to adduce evidence disputing the <u>prima facia</u> case established through his bank deposits. <u>See</u> <u>Tokarski</u>, 87 T.C. at 76.

For these reasons, we affirm.

**<u>AFFIRMED</u>**.