T.C. Memo. 2011-49

UNITED STATES TAX COURT

WILLIE ANDREW WHIPPLE, JR., AND MARY ANGELA WHIPPLE, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30100-08.                    Filed March 1, 2011.

Willie Andrew Whipple, Jr., and Mary Angela Whipple, pro sese.

<u>Kristen I. Nygren</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>: Respondent determined the following deficiencies in, addition under section 6651(a)(1)[1] to, and accuracy-

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

related penalties under section 6662(a) on petitioners' Federal income tax (tax):

| Year | Deficiency | Addition to Tax Under Sec. 6651(a)(1) | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|---------------------------------------|---------------------------------------------|
| 2004 | $18,958.00 | -- | $3,791.60 |
| 2005 | 32,345.15 | $904.75 | 6,469.03 |
| 2006 | 32,089.00 | -- | 6,417.80 |
| 2007 | 106,881.00 | -- | 21,376.20 |

We must decide whether we should sustain respondent's determinations in the notices of deficiency that respondent has not conceded.  We hold that we should.

FINDINGS OF FACT

Some of the facts have been stipulated by petitioner Willie Andrew Whipple, Jr. (Mr. Whipple),[2] and respondent and are so found.

At the time petitioners filed the petition in this case, they resided in Georgia.

On December 4, 2006, respondent received petitioners' tax return for their taxable year 2004 (2004 return).  Petitioners included with the 2004 return Schedule C, Profit or Loss From Business (Schedule C), for their taxable year 2004 (2004 Schedule C).  In the 2004 Schedule C, petitioners claimed a loss of

_____

[2]Respondent filed a motion to dismiss for lack of prosecution as to petitioner Mary Angela Whipple (Ms. Whipple).  We shall grant that motion and shall enter the same decision with respect to Ms. Whipple that we shall enter with respect to Mr. Whipple.

$55,419. In calculating that 2004 Schedule C loss, petitioners claimed, inter alia, cost of goods sold of $6,622 and depreciation and section 179 expense of $39,115. Petitioners also included with the 2004 return Schedule E, Supplemental Income and Loss (Schedule E), for their taxable year 2004 (2004 Schedule E). In the 2004 Schedule E, petitioners claimed a total rental real estate loss of $20,043.

On November 29, 2006, respondent received via facsimile petitioners' tax return for their taxable year 2005 (2005 return). Petitioners included with the 2005 return Schedule C for their taxable year 2005 (2005 Schedule C). In the 2005 Schedule C, petitioners claimed a loss of $90,838. In calculating that 2005 Schedule C loss, petitioners claimed, inter alia, cost of goods sold of $16,444; expenses for commissions and fees of $8,406, contract labor of $25,778, meals and entertainment of $4,083, and travel of $6,776; and other expenses of $30,668.[3] Petitioners also included with the 2005 return Schedule E for their taxable year 2005 (2005 Schedule E). In the 2005 Schedule E, petitioners claimed a total rental real estate loss of $6,280.

On April 17, 2007, petitioners filed electronically their tax return for their taxable year 2006 (2006 return). Petition-

---

[3]The other expenses that petitioners claimed in the 2005 Schedule C consisted of vehicle fuel assistance for sales representatives of $4,988 and telemarketing of $25,680.

ers included with the 2006 return Schedule C for their taxable year 2006 (2006 Schedule C). In the 2006 Schedule C, petitioners claimed a loss of $94,459. In calculating that 2006 Schedule C loss, petitioners claimed, inter alia, cost of goods sold of $49,536 and expenses for commissions and fees of $9,786, contract labor of $22,643, meals and entertainment of $1,976, travel of $13,255, and utilities of $7,291. Petitioners also included with the 2006 return Schedule E for their taxable year 2006 (2006 Schedule E). In the 2006 Schedule E, petitioners claimed a total rental real estate loss of $25,000.

On April 15, 2008, petitioners filed electronically their tax return for their taxable year 2007 (2007 return). Petitioners included with the 2007 return Schedule C for their taxable year 2007 (2007 Schedule C). In the 2007 Schedule C, petitioners claimed a loss of $266,996. In calculating that 2007 Schedule C loss, petitioners claimed, inter alia, cost of goods sold of $66,912; expenses for car and truck of $27,340, commissions and fees of $15,949, contract labor of $49,952, meals and entertainment of $2,254, travel of $8,474, and utilities of $4,380; and other expenses of $50,186.[4] Petitioners also included with the 2007 return Schedule E for their taxable year 2007 (2007 Schedule

---

[4]The other expenses that petitioners claimed in the 2007 Schedule C consisted of telemarketing of $45,654 and unidentified expenses of $4,532.

E).  In the 2007 Schedule E, petitioners claimed a total rental real estate loss of $41,557.

Respondent issued to petitioners a notice of deficiency for their taxable years 2004, 2005, and 2006 and a notice of deficiency for their taxable year 2007 (collectively, notices).  In those notices, respondent determined to disallow the costs of goods sold that petitioners claimed in the 2004 Schedule C, the 2005 Schedule C, the 2006 Schedule C, and the 2007 Schedule C of $6,622, $16,444, $49,536 and $66,912, respectively.  Respondent also determined in the notices to disallow the following expenses that petitioners claimed in those respective Schedules C:

| Claimed Expense Disallowed | 2004 Schedule C | 2005 Schedule C | 2006 Schedule C | 2007 Schedule C |
|---|---|---|---|---|
| Car and truck | -- | -- | -- | $27,340 |
| Depreciation and sec. 179 expense | $39,115 | -- | -- | 49,677 |
| Commissions and fees | -- | $8,406 | $9,786 | 15,949 |
| Contract labor | -- | 25,778 | 22,643 | 49,952 |
| Meals and entertainment | -- | 4,083 | 1,976 | 2,254 |
| Travel | -- | 6,776 | 13,255 | 8,474 |
| Utilities | -- | -- | 7,291 | 4,380 |
| Other expenses | -- | 30,668 | -- | 50,186 |

Respondent also determined in the notices that petitioners are not entitled in calculating "total income" for their taxable years 2004, 2005, 2006, and 2007, respectively, to the total rental real estate losses that they claimed in the 2004 Schedule E, the 2005 Schedule E, the 2006 Schedule E, and the 2007 Schedule E of $20,043, $6,280, $25,000 and $41,557, respectively.

Respondent further determined in the notices that petition-ers have interest income for their taxable years 2006 and 2007 of $182 and $94, respectively.

Respondent also determined in the notices that petitioners are subject to the additional tax under section 72(t) for early withdrawals from certain qualified plans for their taxable years 2005, 2006, and 2007, respectively.

In addition, respondent determined in the notices that petitioners are liable for their taxable year 2005 for an addi-tion to tax under section 6651(a)(1) and for their taxable years 2004, 2005, 2006, and 2007, respectively, for accuracy-related penalties under section 6662(a).

## OPINION

Mr. Whipple bears the burden of proving that the determina-tions in the notices that remain at issue are erroneous.[5]  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and Mr. Whipple bears the burden of proving entitlement to any deduction claimed.  See <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).  The Code and the regulations thereunder required Mr. Whipple to maintain records sufficient to establish the amount of

---

[5]Mr. Whipple does not claim that the burden of proof shifts to respondent under sec. 7491(a).  On the record before us, we conclude that the burden of proof does not shift to respondent under that section.  See <u>id.</u>

any deduction claimed.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Respondent bears the burden of production with respect to the addition to tax under section 6651(a)(1) that respondent determined for petitioners' taxable year 2005 and the accuracy-related penalty under section 6662(a) that respondent determined for each of their taxable years 2004, 2005, 2006, and 2007.  See sec. 7491(c).

In support of his position that we should not sustain the determinations in the notices that respondent has not conceded, Mr. Whipple relies principally on his testimony.[6]  We found Mr. Whipple's testimony to be in certain material respects general, vague, conclusory, uncorroborated, and self-serving.  We shall not rely on the testimony of Mr. Whipple to establish his position that we should not sustain the determinations in the notices that respondent has not conceded.  See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

---

[6]Mr. Whipple also relies on certain documents of his that he and respondent stipulated.  Respondent made certain concessions on the basis of some of those stipulated documents.  However, respondent declined to make any concessions on the basis of the remaining stipulated documents of Mr. Whipple.  We conclude that those remaining stipulated documents do not establish Mr. Whipple's position with respect to any of the determinations in the notices which remain at issue and to which those documents appear to relate.  Moreover, except for Mr. Whipple's documents that he and respondent stipulated, Mr. Whipple did not proffer any documents at trial in support of his position with respect to the determinations in the notices that remain at issue.

Based upon our examination of the entire record before us, we find that Mr. Whipple has failed to carry his burden of establishing that we should not sustain respondent's determinations in the notices that respondent has not conceded.[7]

We have considered all of Mr. Whipple's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,

Decision will be entered

with respect to Mr. Whipple

under Rule 155.[8]

---

[7]On the record before us, we find that respondent has satisfied respondent's burden of production with respect to the addition to tax under sec. 6651(a)(1) for petitioners' taxable year 2005 and the accuracy-related penalty under sec. 6662(a) for each of their taxable years 2004, 2005, 2006, and 2007.

[8]See supra note 2.