T.C. Memo. 2012-161

UNITED STATES TAX COURT

WILLIAM D. BILYEU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2658-11.             Filed June 11, 2012.

William D. Bilyeu, pro se.

Kristin M. Bourland, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge: Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax (tax):

| | | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2006 | $15,622 | $1,211.40 | $1,076.80 | $200.91 |

The issues remaining for decision for petitioner's taxable year 2006 are:

(1) Is petitioner entitled to reduce the gross proceeds of $23,492 that the parties agree he received upon the disposition of certain securities by the total amount of the cost basis that he claims he had in each of those securities?  We hold that he is not.

(2) Is petitioner entitled to deduct certain claimed State and local taxes totaling $4,387?  We hold that he is not.

(3) Is petitioner entitled to deduct certain claimed charitable contributions totaling $581?  We hold that he is not.

(4) Is petitioner liable for the addition to tax under section 6651(a)(1)?  We hold that he is.

(5) Is petitioner liable for the addition to tax under section 6651(a)(2)?  We hold that he is.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated by the parties and are so found.

At the time petitioner filed the petition, he resided in Indiana.

Petitioner did not file a tax return for his taxable year 2006. As a result, respondent prepared a substitute for return for that year (substitute for return for 2006). The substitute for return for 2006 included the following documents that pertained to that taxable year: (1) "IRC Section 6020(b) ASFR Certification" (section 6020(b) certification), (2) a letter dated July 26, 2010, that respondent sent to petitioner and that set forth a "PROPOSED INDIVIDUAL INCOME TAX ASSESSMENT", and (3) an "ASFR TDI RECORD" reflecting certain information contained in the account that respondent maintained for petitioner. Respondent's representative who signed the section 6020(b) certification certified that the pages attached thereto constituted a valid substitute for return under section 6020(b).

The substitute for return for 2006 showed, inter alia, total income of $84,490 that the respective payors of that income had reported to respondent. That total income consisted of (1) "wages" of $59,825, (2) "interest" of $22, (3) "dividends" of $552, (4) "rent/royalties" of $548, (5) "distributive share" of $1, and (6) "broker sales" of $23,542.

Respondent issued a notice of deficiency to petitioner for his taxable year 2006 (notice). Respondent determined in that notice, inter alia, (1) that petitioner must include in income the gross proceeds from the disposition of certain securities during that year,[2] (2) that he is entitled to a standard deduction,[3] (3) that he is liable for the addition to tax under section 6651(a)(1), and (4) that he is liable for the addition to tax under section 6651(a)(2).

## OPINION

Petitioner bears the burden of proving error in the determinations in the notice that remain at issue.[4] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner also bears the burden of proving his entitlement to the deductions

---

[2]Respondent concedes that during 2006 petitioner received gross proceeds from the disposition of certain securities totaling only $23,492 and not the amount of the proceeds that respondent determined in the notice. Petitioner concedes all income that respondent determined in the notice except the gross proceeds from the disposition of certain securities. As discussed below, it is petitioner's position that those gross proceeds should be reduced by the total amount of the basis that he claims he had in each of those securities.

[3]Respondent concedes that petitioner is entitled to a deduction for home mortgage loan interest of $7,168, which is greater than the standard deduction to which respondent determined in the notice petitioner was entitled.

[4]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a). In any event, he has failed to establish that he satisfies the requirements of that section. On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

for his taxable year 2006 that he is claiming for the first time here. See Rule 142(a). Deductions are a matter of legislative grace, and petitioner bears the burden of proving his entitlement to those claimed deductions. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

We turn first to petitioner's position that the gross proceeds of $23,492 that he received from the disposition of certain securities during 2006 should be reduced by the total amount of the basis that he claims he had in each of those securities. Petitioner relies solely on his testimony in order to satisfy his burden of establishing the respective bases of the securities in question. Petitioner's testimony regarding the basis that he claims he had in each of those securities is uncorroborated. Petitioner presented no documentation to support his claimed basis in any of the securities in question, not even any notes made at the time he purchased each of those securities showing what he paid for and the date on which he purchased each of them.[5] We are not required to, and we shall not, rely on petitioner's testimony to establish the basis that he had in each of the securities

---

[5]We find incredible petitioner's testimony that when he purchased certain of the securities in question from certain stockbrokers he did not receive any documentation showing the amount that he paid for and the date on which he purchased such securities.

disposed of during 2006.  See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2006 to reduce the gross proceeds that he received during that year from the disposition of certain securities by the total amount of the basis that he claims he had in each of those securities.

We address next petitioner's position that he is entitled to deduct for his taxable year 2006 State and local taxes totaling $4,387 consisting of State and local income taxes of $3,334, local real estates taxes of $930, and State excise tax of $123.  Petitioner relies solely on his uncorroborated testimony in order to carry his burden of establishing his entitlement to deduct those claimed State and local taxes. We are not required to, and we shall not, rely on that testimony.  See, e.g., id.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled to deduct for his taxable year 2006 the State and local taxes that he is claiming.

We turn now to petitioner's position that he is entitled to deduct for his taxable year 2006 charitable contributions totaling $581 consisting of $481 that he

claims he paid to "Compassion in the Name of Christ" and $100 that he claims he paid to "Crusade for Children". Petitioner relies solely on his uncorroborated testimony to carry his burden of establishing that he is entitled to those claimed deductions. We are not required to, and we shall not, rely on that testimony. See, e.g., id.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled to deduct for his taxable year 2006 the charitable contributions that he is claiming.

We address finally petitioner's position that he is not liable for his taxable year 2006 for the respective additions to tax under section 6651(a)(1) and (2) that respondent determined in the notice. The only argument that petitioner advances in support of that position is that if we were to sustain his respective positions on the other issues that he is asking us to decide, there will be an overpayment for his taxable year 2006 and not an underpayment. We have rejected petitioner's respective positions on all of those other issues. We also reject his position regarding the respective additions to tax under section 6651(a)(1) and (2).

On the record before us, we find that petitioner is liable for his taxable year 2006 for the respective additions to tax under section 6651(a)(1) and (2).[6]

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[6]The respective amounts of the additions to tax under sec. 6651(a)(1) and (2) must be redetermined in the light of the concessions by respondent.