T.C. Memo. 2012-186

UNITED STATES TAX COURT

CARL J. MISTLEBAUER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27110-10.                    Filed July 5, 2012.

Carl J. Mistlebauer, pro se.

<u>Kristin M. Bourland</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies in, and accuracy-related penalties under section 6662(a)[1] on, petitioner's Federal income tax (tax) as follows:

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty |
|------|------------|--------------------------|
| 2007 | $20,049 | $4,009.80 |
| 2008 | 54,345 | 10,869.00 |

The issues remaining for decision are:

(1) Does petitioner have unreported gross receipts from his business MPR Sales & Marketing, LLC, in the amounts of $37,734.18 and $72,634.54 for his taxable years 2007 and 2008, respectively?[2]  We hold that he does.

(2) Is petitioner liable for each of his taxable years 2007 and 2008 for the accuracy-related penalty under section 6662(a)?  We hold that he is.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  Certain other facts have been deemed established pursuant to Rule 91(f).

Petitioner resided in Kentucky at the time he filed the petition.

During the years at issue, petitioner was the sole owner of a men's clothing sales business known as MPR Sales & Marketing, LLC (MPR).  During those years, MPR made sales to retailers and over the Internet.

---

[2]Respondent concedes a portion of the unreported gross receipts of MPR Sales & Marketing, LLC, for each of petitioner's taxable years 2007 and 2008 that respondent determined in the notice of deficiency (notice) that respondent issued to petitioner with respect to those years.

For his taxable years 2007 and 2008 petitioner did not maintain adequate internal controls for MPR and did not maintain adequate books and records pertaining to MPR showing, for example, its gross receipts and sales.

During each of the years 2007 and 2008, petitioner maintained the following types of bank accounts (collectively, petitioner's bank accounts) at the financial institutions indicated:

(1) American Bank & Trust business checking account number ending 6001;

(2) National City Bank personal checking account number ending 7205;

(3) BB&T investors deposit account number ending 4770;

(4) BB&T money market account number ending 5225; and

(5) BB&T business checking account number ending 6569.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for each of his taxable years 2007 (2007 return) and 2008 (2008 return). Petitioner attached to each of the 2007 return and the 2008 return Schedule C, Profit or Loss From Business (Schedule C), for his business MPR.

In his 2007 return, petitioner reported total tax of $2,498 and an overpayment of tax of $4,343. In Schedule C that petitioner attached to his 2007 return, he reported "Gross receipts or sales" of MPR of $36,468 and a loss of $26,097.

In his 2008 return, petitioner reported total tax of $6,910 and tax due of $6,514. In Schedule C that petitioner attached to his 2008 return, he reported "Gross receipts or sales" of MPR of $162,627 and a loss of $191.

Sometime in 2008, respondent assigned a revenue agent to examine the respective returns that petitioner had filed for his taxable years 2007 and 2008 (respondent's examination). As part of that examination, the revenue agent asked petitioner to provide him with business records (e.g., sales invoices) that petitioner maintained for MPR for each of those years. The only documents that petitioner provided to the revenue agent were petitioner's bank statements for 2007 (2007 bank statements).

During respondent's examination, petitioner informed the revenue agent that he determined the total amount of gross receipts of MPR for each of the years at issue that he reported in his 2007 return and 2008 return, respectively, by reviewing the deposits that he had made to petitioner's bank accounts that he used for that business, as shown in the bank statements for those accounts.

Because petitioner did not provide the revenue agent with petitioner's bank statements for 2008, the revenue agent issued summonses on behalf of respondent (respondent's summonses) to the banks at which petitioner had maintained petitioner's bank accounts during that year. Pursuant to respondent's summonses, those

banks provided the revenue agent with the respective bank statements for 2008 for petitioner's bank accounts (2008 bank statements).

The revenue agent examined petitioner's 2007 bank statements and 2008 bank statements and prepared a bank deposits analysis for each of petitioner's taxable years 2007 and 2008 on the basis of that examination (respondent's bank deposits analysis). That bank deposits analysis showed for each of those years, inter alia, the total amount of deposits into each of petitioner's bank accounts during each month of each such year. In preparing respondent's bank deposits analysis, the revenue agent attempted to ascertain whether any of the deposits into petitioner's bank accounts during each of the years at issue is nontaxable because, for example, a deposit had been made as a result of a transfer of funds from one of petitioner's bank accounts to another of those accounts. The revenue agent reduced the total deposits during each taxable year at issue by (1) all deposits during each such year that the revenue agent determined to be nontaxable,[3] (2) the total "Gross receipts or sales" that petitioner reported in each of his 2007 Schedule C and 2008 Schedule C, as the case may be, and (3) the (a) net wages, (b) interest income, (c) dividend income, (d) total sale

---

[3]The nontaxable deposits that the revenue agent identified included transfers between petitioner's bank accounts and from his credit lines into those accounts.

price reported in Schedule D, Capital Gains and Losses, and (e) State tax refund that petitioner reported in each of his 2007 return and 2008 return, as the case may be. In addition, the revenue agent reduced the total deposits during 2008 by the IRA distributions that petitioner reported in his 2008 return. The revenue agent determined that the balance of the total deposits during each of the years at issue constitutes unreported Schedule C gross receipts of MPR for each such year.

Respondent issued the notice to petitioner in which respondent determined, inter alia, that petitioner has unreported Schedule C gross receipts of MPR for his taxable years 2007 and 2008 of $55,822 and $150,861, respectively. In making those determinations, respondent relied on respondent's bank deposits analysis that the revenue agent had prepared. In the notice, respondent also determined that petitioner is liable for each of the years at issue for the accuracy-related penalty under section 6662(a).

## OPINION

Petitioner bears the burden of proving that the determinations in the notice that remain at issue are erroneous.[4] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[4]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a). On the record before us, we find that that burden does not shift to respondent under that section.

We turn first to the unreported gross receipts of MPR that respondent determined on the basis of respondent's bank deposits analysis and that remain at issue for each of petitioner's taxable years 2007 and 2008.[5]  Petitioner did not maintain adequate internal controls for his business MPR, did not maintain adequate books or records pertaining to that business, and did not provide the revenue agent with any business records that he maintained for MPR during each of those years except petitioner's 2007 bank statements.  Consequently, the revenue agent properly relied on the bank deposits method in order to determine petitioner's income.  See Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978).  In performing respondent's bank deposits analysis, the revenue agent was required to, and did, take into account any nontaxable source of a deposit of which he had knowledge.  See Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994).

"A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income."  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Petitioner bears the burden of proving that respondent's determinations of income based on the bank deposits method are erroneous.  See Clayton v. Commissioner, 102 T.C. at 645.  Petitioner may satisfy that burden by establishing that the

---

[5]See supra note 2.

deposits that remain at issue are derived from a nontaxable source. See Nicholas v. Commissioner, 70 T.C. at 1064.

It is petitioner's position that he has no unreported gross receipts from his business MPR for each of his taxable years 2007 and 2008. According to petitioner, none of the deposits to petitioner's bank accounts that remain at issue for each of those years is taxable because the respective sources of those remaining deposits were loans, lines of credit, proceeds from the sale of all his investments, and IRA distributions.

In support of his position that he has no unreported gross receipts of MPR for the taxable years at issue, petitioner relies solely on his testimony. We found his testimony about the deposits into petitioner's bank accounts that remain at issue to be general, conclusory, uncorroborated, and self-serving. We are not required to, and we shall not, rely on that testimony to establish petitioner's position that none of the deposits that remain at issue for each of his taxable years 2007 and 2008 is taxable. See, e.g., Tokarski v. Commissioner, 87 T.C. 74.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that the deposits totaling $37,734.18 and $72,634.54 that remain at issue for his taxable years 2007 and 2008,

respectively, are not taxable gross receipts from his business MPR for those respective years.

We turn now to the accuracy-related penalty under section 6662(a) that respondent determined in the notice. Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, (1) negligence or disregard of rules or regulations, sec. 6662(b)(1), or (2) a substantial understatement of tax, sec. 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Failure to keep adequate records is evidence not only of negligence, but also of intentional disregard of regulations. See

sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, 73 T.C. 980, 1008 (1980).

For purposes of section 6662(b)(2), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the return.  Sec. 6662(d)(2)(A).  An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of ten percent of the tax required to be shown in the tax return for that year or $5,000.  Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production with respect to the accuracy-related penalty under section 6662(a) that respondent determined in the notice.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To satisfy

respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose", Higbee v. Commissioner, 116 T.C. at 446, the accuracy-related penalty. Although respondent bears the burden of production with respect to the accuracy-related penalty under section 6662(a) that respondent determined, respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

We have found that petitioner did not maintain adequate books and records pertaining to his business MPR showing, inter alia, gross receipts and sales. Failure to keep adequate records is evidence not only of negligence, but also of intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, 73 T.C. at 1008.

On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a).

Petitioner advances no argument about why he is not liable for the accuracy-related penalty with respect to the underpayment for each of the years at issue that is attributable to the determinations in the notice that he concedes. He argues only that there are no underpayments for his taxable years 2007 and 2008 that are attributable

to unreported gross receipts of MPR because he reported all of MPR's respective gross receipts for his respective taxable years 2007 and 2008. We have found that petitioner has failed to carry his burden of establishing that he does not have taxable unreported gross receipts of MPR for his respective taxable years 2007 and 2008 in the amounts of $37,734.18 and $72,634.54, respectively.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for each of the years at issue for the accuracy-related penalty under section 6662(a).

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under

Rule 155.