T.C. Memo. 2015-200

UNITED STATES TAX COURT

DONALD A. WESLEY AND SANDRA F. WESLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2487-14.                          Filed October 13, 2015.

Donald A. Wesley and Sandra F. Wesley, pro sese.

<u>Jessica R. Nolen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a)[1] on, petitioners' Federal income tax (tax) for their taxable year 2011 of $15,649 and $2,670, respectively.

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]**  The issues remaining for decision for petitioners' taxable year 2011 are:

(1) Are petitioners entitled to a deduction under section 170(a) for claimed charitable contributions in excess of the deduction that respondent allowed under that section?  We hold that they are not.

(2) Are petitioners liable for the accuracy-related penalty under section 6662(a)?  We hold that they are.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in Missouri at the time they filed the petition.

During 2011, petitioners Donald A. Wesley (Mr. Wesley) and Sandra F. Wesley (Ms. Wesley) operated Disciples Empowered by Christ Ministries, a community outreach program.  (We shall sometimes refer to Disciples Empowered by Christ Ministries as the ministry.)  At all relevant times, petitioner Mr. Wesley served as pastor of the ministry.  In his capacity as pastor, Mr. Wesley controlled the ministry.

Petitioners timely filed a tax return (return) for their taxable year 2011. Petitioners attached to that return Schedule A, Itemized Deductions, and claimed a charitable contribution deduction of $28,697.

**[*3]** Respondent issued to petitioners a notice of deficiency (notice) for their taxable year 2011. In that notice, respondent determined, inter alia, that petitioners are liable for their taxable year 2011 for the accuracy-related penalty under section 6662(a).[2]

After respondent issued the notice to petitioners, petitioners submitted to respondent Form 1040X, Amended U.S. Individual Income Tax Return (amended return), for their taxable year 2011. In petitioners' amended return, petitioners showed, inter alia, an additional deduction for claimed charitable contributions in excess of the amount that they had claimed in their return and that respondent did not disallow in the notice.

OPINION

Petitioners bear the burden of establishing that the determinations in the notice that remain at issue are erroneous.[3] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and petitioners must prove their entitlement to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The Code and the

---

[2]Respondent did not disallow the charitable contribution deduction of $28,697 that petitioners claimed in their 2011 return.

[3]Petitioners concede that they have unreported income of $50,830 that respondent determined in the notice.

**[*4]** regulations thereunder required petitioners to maintain records sufficient to establish the amount of any deduction claimed.  <u>See</u> sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

We consider first petitioners' position that, in addition to the charitable contribution deduction that they had claimed in their 2011 return and that respondent did not disallow in the notice, they are entitled to a charitable contribution deduction of $3,976.51[4] for contributions that they claim they made during 2011 to or for the use of the ministry.  (We shall refer to the additional charitable contribution deduction of $3,976.51 that petitioners are claiming here as the charitable contribution amount at issue.)  In support of their position, petitioners rely on their respective testimonies and certain documents, each of which is titled "Contributions Statement".  (We shall refer to the documents titled "Contributions Statements" as petitioners' claimed documents.[5])

---

[4]We have increased the charitable contribution amount at issue to correct a 73-cent error made in one of the parties' stipulations of facts.  <u>See</u> <u>Cal-Maine Foods, Inc.</u>, 93 T.C. 181, 195 (1989).

[5]The heading at the top of each of petitioners' claimed documents is "Disciples Empowered by Christ Ministries".  In addition to petitioners' names and address, each of those documents shows a date on which the document was purportedly prepared (purported preparation date) and describes the contribution that was purportedly made to the ministry.  The bottom of each of petitioners' claimed documents states in pertinent part:  "Thank you so much for your

(continued...)

**[\*5]**   With respect to the respective testimonies of Mr. Wesley and Ms. Wesley, we found their testimonies to be in certain material respects uncorroborated and self-serving.  We shall not rely on the respective testimonies of Mr. Wesley and Ms. Wesley to establish petitioners' position that they are entitled to deduct the charitable contribution amount at issue.  See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

With respect to petitioners' claimed documents, Mr. Wesley acknowledged during his testimony that he "manufactured" those documents in 2014, approximately three years after petitioners' taxable year at issue.  Nonetheless, the respective purported preparation dates on many of petitioners' claimed documents show a date in 2011, not in 2014.  By way of further illustration of the unreliable nature of petitioners' claimed documents, one of petitioners' claimed documents shows a contribution purportedly made to the ministry when in fact, as Mr. Wesley acknowledged at trial, the amount shown on that document was purportedly given to United Way.  Another of petitioners' claimed documents shows a contribution purportedly made to the ministry when in fact, as Mr. Wesley acknowledged at trial, the amount shown on that document was paid by use of a credit card in the

---

[5](...continued)
contributions."

[*6] name of the ministry, not a credit card in the name of petitioners. We shall not rely on petitioners' claimed documents to establish petitioners' position that they are entitled to deduct the charitable contribution amount at issue.

Section 170(a) allows a deduction for any charitable contribution, as defined in section 170(c), that is made during a taxable year. A taxpayer claiming a deduction under section 170(a) must satisfy certain statutory and regulatory requirements. (We shall refer collectively to the statutory and regulatory requirements as the charitable contribution deduction requirements.) See sec. 170(a), (c), (f); secs. 1.170A-1, 1.170A-13(a)-(c), Income Tax Regs. The charitable contribution deduction requirements that a taxpayer must satisfy vary depending on (1) whether the claimed contribution consists of money or property other than money and (2) the value of the contribution. See sec. 170(a), (c), (f); secs. 1.170A-1, 1.170A-13(a)-(c), Income Tax Regs. On the record before us, we find that petitioners have failed to carry their burden of establishing that they satisfy the applicable charitable contribution deduction requirements with respect to the charitable contribution amount at issue.

On the record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled to deduct under section 170(a) the charitable contribution amount at issue.

**[\*7]** We consider now the accuracy-related penalty under section 6662(a) that respondent determined in the notice. That section imposes an accuracy-related penalty of 20 percent of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, (1) negligence or disregard of rules or regulations, sec. 6662(b)(1), or (2) a substantial understatement of tax, sec. 6662(b)(2). Respondent argues that petitioners are liable for their taxable year 2011 for the accuracy-related penalty because of negligence or disregard of rules or regulations and because of a substantial understatement of tax.

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

**[\*8]**   For purposes of section 6662(b)(2), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the return.  Sec. 6662(d)(2)(A).  An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown in the tax return for that year or $5,000.  Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on all the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to the accuracy-related penalty under section 6662(a) that respondent determined in the notice.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To satisfy respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" the penalty.

[*9] Higbee v. Commissioner, 116 T.C. at 446.  Although respondent bears the burden of production with respect to the penalty under section 6662(a), respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * [T]he taxpayer bears the burden of proof with regard to those issues." Id.

Petitioners concede that they have the unreported income of $50,830 that respondent determined in the notice.[6]  On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a).

Section 1.6662-3(b)(1)(i) of the Income Tax Regulations provides that negligence is strongly indicated where "[a] taxpayer fails to include [i]n an income tax return an amount of income shown [i]n an information return".  Petitioners present the following argument as to why they were not negligent:

> The petitioners acknowledge their lack of due diligence regarding the timeliness of filing the original 2011 1040 form. * * * The petitioners did eventually file a return for 2011 [using Form] 1040X and when they realized their mistake, they did attempt to rectify it by maintaining dialogue with the local IRS Office and the U.S. Tax Courts [sic]. * * * They did report their correct income to the IRS.

---

[6]See supra note 3.

**[\*10]** We do not understand how petitioners' above-quoted argument relates to whether the accuracy-related penalty should be imposed on them for their taxable year 2011, let alone how it establishes that they are not liable for that year for that penalty. On the record before us, we find that petitioners have failed to meet their burden of proving that they were not negligent in failing to include $50,830 of unreported income in their 2011 return.

On the record before us, we find that petitioners have failed to carry their burden of establishing that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment for their taxable year 2011.

On the record before us, we find that petitioners have failed to carry their burden of establishing that they are not liable for their taxable year 2011 for the accuracy-related penalty under section 6662(a).[7]

---

[7]We found that petitioners are liable for the accuracy-related penalty under sec. 6662(a) because of negligence. As a result, we need not address respondent's alternative argument that petitioners are liable for the accuracy-related penalty because of a substantial understatement of tax under sec. 6662(b)(2).

**[\*11]** We have considered all of the contentions and arguments of petitioners[8] and respondent that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and petitioners' concession,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[8]We have considered, inter alia, petitioners' argument that <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930), entitles petitioners to deduct under sec. 170(a) the charitable contribution amount at issue. We have concluded that <u>Cohan</u> is inapposite to our resolution of that issue.