T.C. Summary Opinion 2017-16

UNITED STATES TAX COURT

RITA LOPEZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20235-15S.                    Filed March 16, 2017.

Juan C. Beritan, for petitioner.

Steven D. Tillem and Courtland Roberts (student), for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 20, 2015 (notice), respondent determined deficiencies of $5,048 and $4,888 in petitioner's 2012 and 2013 Federal income tax, respectively. The issues for decision are whether for each year petitioner: (1) had "earned income" in the amount she reported, entitling her to an earned income tax credit and an additional child tax credit under sections 32(a) and 24(d), respectively and (2) is subject to the restrictions prescribed in section 32(k)(1)(B)(ii).

## Background

Some of the facts have been stipulated and are so found. At all times relevant, including the date the petition was filed, petitioner along with her two minor daughters lived in a rented three-bedroom apartment in New York, New York. The record does not show the rent, if any, petitioner paid for her residence or the extent of any other personal or living expenses.

During the years in issue petitioner was a self-employed cosmetologist, specializing in hairstyling. She operated her unlicensed cosmetology business from her residence and met with at least 12 of her customers regularly, charging anywhere from $10 to $50 per appointment. Most of her customers consisted of

her neighbors and friends. To the extent petitioner received any formal cosmetology training or licensing with respect to her cosmetology business, it occurred after 2013.

Petitioner did not maintain a bank account during the years in issue, nor did she maintain any contemporaneous business records showing the income and expenses attributable to her business. According to petitioner, her customers paid her in cash, and she did not provide receipts for those payments.

In addition to the income petitioner earned from her cosmetology business, she received $2,000 of nonemployee compensation related to referral fees from Toyota of Hackensack (Toyota) in 2013, which is reported on a Form 1099-MISC, Miscellaneous Income, issued to her by Toyota for that year.

For each year in issue petitioner's timely filed Federal income tax return was prepared by a paid income tax return preparer. On her 2012 return petitioner claimed head of household filing status, and on her 2013 return she claimed single filing status. As relevant, each return includes a Schedule C, Profit or Loss From Business, relating to petitioner's cosmetology business. Among other items and as relevant here, on the Schedules C petitioner reported gross income of $17,800 and $17,581 for 2012 and 2013, respectively. Petitioner reported $2,015 in expenses

on the Schedule C for 2012, resulting in a net profit of $15,785 for that year.

Petitioner did not report any expenses on the Schedule C for 2013.

On each return petitioner claimed two dependency exemption deductions, an earned income tax credit, and an additional child tax credit. The nonemployee compensation of $2,000 from Toyota was not reported on her 2013 return.

In the notice respondent adjusted petitioner's income for each year by eliminating the Schedule C gross receipts. As a result, respondent disallowed or decreased the amounts of the above-referenced credits that petitioner claimed. Respondent further determined that in accordance with the provisions of section 32(k)(1)(B)(ii) petitioner is barred from claiming an earned income tax credit for certain future years.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2] Credits, like deductions, are a matter of

---

[2]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940).

## I. Earned Income Tax Credit and Additional Child Tax Credit

Section 32(a)(1) allows an eligible individual a credit against his or her income tax. The credit is computed as a percentage of the taxpayer's "earned income". Id. The term "earned income" is defined in section 32(c)(2)(A) and includes wages and net earnings from self-employment. A taxpayer claiming the credit must establish that he or she had earned income and the amount of that income. See, e.g., Blore v. Commissioner, T.C. Memo. 2000-326.

Section 24(a) provides that a taxpayer is allowed a credit against his or her income tax for the taxable year with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a dependency exemption deduction under section 151.

The dispute between the parties with respect to petitioner's entitlement to these credits is focused on the amounts of income she claims to have earned from her cosmetology business. According to petitioner, she earned $17,800 and $17,581 from that business in 2012 and 2013, respectively. Relying upon the absence of any bank or other contemporaneous records that support petitioner's

claims, respondent argues that she had no earned income from that business during those years.

Although petitioner maintained no business records with respect to her cosmetology business, we find that she was engaged in a cosmetology business during the years in issue as she claims. Notarized written statements from petitioner's clients, each dated in March 2015 and provided to respondent during the pendency of respondent's examination of her 2012 and 2013 Federal income tax returns, corroborate her testimony that she was paid to provide cosmetology services to at least 12 regular customers. We appreciate respondent's suspicions in situations seemingly designed to maximize the refundable credits here in dispute, but respondent has not introduced any direct evidence casting doubt on petitioner's claim to have been in the cosmetology business during either year in issue. While we are not obligated to accept petitioner's testimony on her business practices, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), neither are we obligated to reject it.

On the other hand, respondent's presentation at trial raises questions regarding the legitimacy of the written statements petitioner relied upon to support her claims, but there is not sufficient evidence in the record to persuade us to ignore those statements completely. In the absence of written records showing

how the amount of gross income shown on each Schedule C was actually computed, and taking into account the information shown on some of the written statements from her customers, we find that petitioner's gross receipts from her cosmetology business totaled $10,000 each year. Any inexactitude inherent in our finding is attributable to petitioner's lack of contemporaneous records. Cf. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Accordingly, petitioner is entitled for each year to an earned income tax credit and an additional child tax credit that take into account the foregoing findings.

II. Section 32(k)

Section 32(k)(1)(B)(ii) disallows an earned income tax credit for "the period of 2 taxable years after the most recent taxable year for which there was a final determination that the taxpayer's claim of credit under this section was due to reckless or intentional disregard of rules and regulations (but not due to fraud)." Respondent determined that the restrictions imposed by section 32(k)(1)(B)(ii) are applicable to petitioner for each year in issue.

It would appear that our findings will result in the reduction of petitioner's claimed earned income tax credit for each year, but we expect that the credit will not be entirely disallowed for either year. Consequently, we make no comment in this proceeding regarding the application of section 32(k). We note, however, that

the failure to maintain adequate records to support items shown on a return can support a finding of negligence for purposes of section 6662(a).  See sec. 1.6662-3(b)(1), Income Tax Regs.

To reflect the foregoing,

Decision will be entered

under Rule 155.